IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GOLDEN TEMPLE OF OREGON, LLC
an Oregon Limited Liability Company,

                Plaintiff,

    v.

BIBIJI INDERJIT KAUR PURI, an
individual; and SOPURKH KAUR
KHALSA, EK ONG KAR KAUR
KHALSA, and SHAKTI PARWHA
KAUR KHALSA, as Trustees of the
Yogi Bhajan Administrative Trust,

               Defendants.

No. 3:11-cv-01358-HZ

OPINION & ORDER

P. Andrew McStay , Jr.
Joseph M. Van Leuven
John F. McGrory , Jr.
Davis Wright Tremaine, LLP
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5630

/ / /
/ / /
/ / /

1 - OPINION & ORDER

Stuart R. Dunwoody
Davis Wright Tremaine, LLP
1201 3rd Avenue, Suite 2200
Seattle, WA 98101-3045

      Attorneys for Plaintiff

Surjit P. Soni
The Soni Law Firm
35 N. Lake Avenue, Suite 720
Pasadena, CA 91101

Loren Scott
The Scott Law Group
497 Oakway Rd., Suite 245
Eugene, OR 97401

      Attorneys for Defendant Bibiji
      Inderjit Kaur Puri

Jane K. Girard
Wray & Girard, P.C.
102 Granite Avenue, N.W.
Albuquerque, NM 87102-2310

Maureen A. Sanders
Sanders & Westbrook PC
102 Granite Ave NW
Albuquerque, NM 87102-2310

Michael K. Heilbronner
Idea Legal, PC
1631 NE Broadway, No. 443
Portland, OR 97232

      Attorneys for Defendants Trustees
      of the Yogi Bhajan Administrative
      Trust

/ / /

/ / /

/ / /

/ / /

2 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff Golden Temple of Oregon[1] and the Defendant Trustees of the Yogi Bhajan Administrative Trust ("Trustees") move to vacate or partially vacate an arbitration award that favors Defendant Bibiji Inderjit Kaur Puri ("Bibiji").  Additionally, Defendant Bibiji moves to dismiss this action.  The underlying arbitration involved a trademark dispute between Plaintiff Golden Temple and Defendant Bibiji over the use of "Yogi" and "Yogi Tea".  For the motions to vacate or partially vacate the arbitration award, the issue is whether the arbitration panel exceeded their powers or imperfectly executed them so that a mutual, final, and definite award was not made.  I agree that the arbitrators exceeded their powers when the panel refused to consider the impact of a license agreement that Golden Temple had entered into with the Trustees, the co-owners of the marks with Bibiji.  Golden Temple's motion to partially vacate is granted with respect to the damages awarded after October 1, 2011 and the injunctive beginning January 1, 2012.  These issues are remanded to the arbitrators for a rehearing.  Additionally, I deny the Trustees' motion to vacate, because they have no standing to challenge the arbitration award; and I deny Bibiji's motion to dismiss.

BACKGROUND

I.    Arbitration

- Golden Temple and Bibiji arbitrated a trademark dispute regarding the Yogi and Yogi Tea marks.  Heilbronner Decl. (Dkt. #30) Ex. B at 1.

- On July 29, 2011, the panel of arbitrators issued a Findings of Fact and Notice of Award.  Id. at 15.

- The panel found that the heirs of Yogi Bhajan, including Bibiji, are the owners of the marks.  Id. at 12.  The panel expressly stated that it "does not make findings as to ownership of the marks between [Bibiji] and any other person."  Id.

---

[1] Golden Temple of Oregon has since changed its name to East West Tea Company, LLC, but for the sake of clarity, I will continue to refer to Plaintiff by its former name.

- The panel directed Golden Temple to assign the trademark registrations of the marks to Bibiji.  Id.

- Golden Temple was enjoined from using the marks beginning January 1, 2012.  Id. at 13.

- Golden Temple was ordered to pay damages to Bibiji through January 1, 2012.  Id. at 14.  Bibiji was awarded damages based on her 50% ownership interest in the marks.  Id.

- After the panel issued its findings, Golden Temple began negotiations for a license agreement with Bibiji and the Trustees regarding use of the marks.  Mehrbani Decl. (Dkt. #21) ¶ 6.  On October 7, 2011, Golden Temple entered into an Interim License Agreement with the Trustees, with an effective start date of October 1, 2011.  Id. Ex. 2 at 1.

- Around October 28, 2011, Golden Temple requested a reopening of the arbitration proceedings so that the panel could consider the effect of the license on the panel's findings regarding the injunction and damages.  Id. Ex. 4 at 1.  The panel explained that it "specifically excluded…the issue of whether others had rights to the trademarks."  Id.  The panel agreed to reopen the proceedings only if both parties agreed.  Id.  On November 7, 2011, Bibiji informed the panel that no agreement had been reached to reopen the proceedings.  Id. Ex. 5 at 1.

- On November 10, 2011, the panel issued the Arbitration Award.  Heilbronner Decl. (Dkt. #30) Ex. C at 10.  The panel stated that Bibiji "owns at least one half interest in the marks at issue."  Id. Ex. C at 2.  The relief granted included an injunction against Golden Temple from using the marks as of January 1, 2012 and payment of damages through December 31, 2011 to Bibiji.  Id. Ex. C at 6-7.  The damages reflected Bibiji's 50% ownership interest in the marks.  Id.

- Regarding the damages from October 1, 2011 to December 31, 2011, the panel "reserves jurisdiction to resolve any dispute regarding [Golden Temple's] obligation to pay royalties[.]"  Id. Ex. C at 7, ¶ 2(b)(ii).

II.    New Mexico Litigation[2]

- After Yogi Bhajan's death in 2004, the Trustees and Bibiji were involved in a dispute in New Mexico over the distribution of Yogi Bhajan's Living Trust assets.  McGrory Decl. (Dkt. #62) Ex. A.

---

[2] The court in the New Mexico litigation made its findings after the parties had completed briefing the motions to vacate and motion to dismiss.  Golden Temple and the Trustees moved to supplement the record (Dkt. #60, 63).  I grant the motions because the findings from the New Mexico litigation are highly relevant to the dispute.

- The assets of the Living Trust were to be distributed into two trusts: a Survivor's Trust, for the benefit of Bibiji, and the Yogi Bhajan Administrative Trust. Id. Ex. A ¶ 35.

- Assets of the Living Trust included Yogi Bhajan's intellectual property interests, which encompassed the Yogi and Yogi Tea marks. Id. Ex. A ¶¶ 24, 52, 56-57.

- Bibiji sought a reallocation of assets against the Administrative Trust, asserting that she had not consented to gifts and charitable contributions that Yogi Bhajan had made. Id. Ex. A ¶¶ 60-61. Bibiji claimed a credit of over $1.5 million for the "dissipations of her community property interests." Id. Ex. A ¶ 62. The claim later increased to nearly $4 million. Id. Ex. A ¶ 63.

- On October 16, 2012, the New Mexico court issued a Findings of Fact and Conclusions of Law. Id. Ex. A.

- The New Mexico court concluded that "[t]he Trustees did not breach their fiduciary duties by declining to reallocate assets…on Bibiji's demand." Id. Ex. A at 30 ¶ L.

- The Administrative Trust and Bibiji each have a 50% ownership interest in the Living Trust's intellectual property interests. Id. Ex. A at 31 ¶ V. The Administrative Trust and Bibiji are co-owners of the marks. Id. Ex. A at 31 ¶ AA.

- "The Trustees were within their rights as co-owners to negotiate and issue the Interim License Agreement" with Golden Temple. Id. Ex. A at 31 ¶ CC.

## III. Procedural History

- After the panel issued the arbitration award on November 11, 2011, Golden Temple initiated the present case with a "Complaint to Partially Vacate Arbitration Award" on November 14, 2011. Dkt. #1. The Trustees were named as Defendants in the amended complaint filed on December 21, 2011. Dkt. #4.

- One day later, on November 15, 2011, Defendant Bibiji initiated a new case by filing a petition to confirm the arbitration award. Puri v. Golden Temple of Oregon, LLC, No. 3:11-cv-01380-HZ.

- A status conference for the two cases, Nos. 3:11-cv-01358 and 3:11-cv-1380, was set for January 5, 2012. December 29, 2011 Scheduling Order (Dkt. #9). At the status conference, the court consolidated the two cases. Following Local Rule 42-4, Golden Temple of Oregon, LLC v. Puri et al, No. 3:11-cv-01358, became the lead case. January 5, 2011 Minutes (Dkt. #9). The parties also agreed to file their motions to vacate or dismiss by February 3, 2012. Id.

5 - OPINION & ORDER

- After the present motions were fully briefed, the consolidated cases were stayed on June 13, 2012 so that the parties could pursue settlement. June 13, 2011 Order (Dkt. #46). The parties did not settle and the stay was lifted on March 25, 2013. March 25, 2013 Minutes (Dkt. #59).

- At a status conference, Golden Temple and the Trustees requested that they be allowed to supplement the record with the findings from the New Mexico litigation. March 25, 2013 Minutes (Dk. #59). They filed their motions on April 25, 2013. Dkt. #60, 63.

## STANDARDS

Under the Federal Arbitration Act ("FAA"), "[r]eview of an arbitration award is both limited and highly deferential." Comedy Club, Inc. v. Improv West Assocs., 553 F.3d 1277, 1288 (9th Cir. 2009) (quotation marks and citation omitted). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the [FAA], which is unambiguous in this regard." Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 994 (9th Cir. 2003). Nonetheless, an arbitration award may be vacated if an arbitrator exceeded his or her powers or committed "affirmative misconduct" such that the award is "completely irrational or exhibits a manifest disregard of law." Id. at 998; see also Biller v. Toyota Motor Corp., 668 F.3d 655, 665 (9th Cir. 2012). The party seeking vacatur has the burden to establish grounds to vacate the arbitration award. U.S. Life Ins. Co. v. Superior Nat'l Ins. Co., 591 F.3d 1167, 1173 (9th Cir. 2010).

## DISCUSSION

Before addressing the motions to vacate or partially vacate the arbitration award, I address two procedural issues that Defendant Bibiji raises.

## I.    Bibiji's Procedural Arguments

First, Bibiji argues that Golden Temple improperly filed a complaint to oppose the arbitration award and that Golden Temple failed to respond to Bibiji's petition to confirm the

arbitration award.  Bibiji Mot. Dismiss (Dkt. #24) 5.  Second, Bibiji argues that the Trustees

have no standing in this case.  Bibiji Resp. (Dkt. #37) 6.

A.      Procedure for Challenging Arbitration Award

Bibiji argues that Golden Temple improperly filed a "complaint" to oppose the arbitration

award.  Bibiji Mot. Dismiss (Dkt. #24) 9 n5.  Specifically, Bibiji asserts that under the FAA, a

"motion" to vacate must be made.  Id. at 6.[3]

The FAA requires that "[a]ny application to the court hereunder shall be made and heard

in the manner provided by law for the making and hearing of motions[.]"  9 U.S.C. § 6.  Golden

Temple initiated this action by filing a "Complaint to Partially Vacate Arbitration Award and for

Declaratory Judgment".  Compl. 1 (Dkt. #1).  The amended complaint was similarly captioned.

Am. Compl. 1 (Dkt. #4).  In a status conference on January 5, 2012, the Court directed the

parties to file any motions to vacate or dismiss by February 3, 2012.  Bibiji's argument of form

over substance is without merit.  While it is true that Golden Temple initiated the action with a

"complaint", a "motion" to vacate the arbitration award soon followed, as agreed by the parties

at the status conference.  Golden Temple is not attempting to re-litigate the merits of the

arbitration by filing a complaint in this court.  It was clear from its complaint that Golden

Temple sought to challenge certain aspects of the award for reasons allowed by the FAA.

Bibiji further argues that Golden Temple failed to respond to its petition to confirm the

arbitration award in the related case, Puri v. Golden Temple of Oregon, LLC, No. 3:11-cv-1380,

and thus the court must confirm the arbitration award.  Bibiji Mot. Dismiss (Dkt. #24) 9.  Bibiji

seems to argue that because no response was received to its petition, Golden Temple did not

---

[3] Bibiji also cites to the Oregon statutes to argue that a "petition" must be filed if a party seeks to
vacate an arbitration award.  Bibiji Mot. Dismiss (Dkt. #24) 7.  Bibiji does not explain why the
Oregon procedural rule to vacate an arbitration award would trump the corresponding FAA rule
in federal court.  Because Golden Temple invoked subject matter jurisdiction under the FAA in
its complaint, I find that the FAA rule controls.

oppose confirmation of the arbitration award.  I disagree.  Inexplicably, Bibiji fails to recognize

that she filed her petition one day *after* Golden Temple filed its complaint to challenge the

arbitration award.  The court was well aware of Golden Temple's opposition to Bibiji's petition

because of the earlier complaint that Golden Temple had filed.  On this issue, Bibiji's motion to

dismiss is denied.

   B.  Standing of Trustees

  Bibiji argues that the Trustees lack standing to challenge the arbitration award because

they were non-parties to the arbitration.  Bibiji Resp. (Dkt. #37) 6.  The Trustees argue that the

Second Circuit has held that a non-party may challenge an arbitration award if the non-party

could intervene as a matter of right under Rule 24(a).  Trustees Reply (Dkt. #44) 8, citing <u>Ass'n</u>

<u>of Contracting Plumbers, Inc. v. Local Union No. 2 United Ass'n of Journeymen & Apprentices</u>

<u>of Plumbing & Pipefitting Indus.</u>, 841 F.2d 461, 467 (2d Cir. 1988).

  The FAA allows "any party to the arbitration" to request that an award be vacated.  9

U.S.C. § 10(a).  The rule does not expressly allow a non-party to challenge the arbitration award,

and the Ninth Circuit has not addressed this issue.  In <u>Ass'n of Contracting Plumbers</u>, the court

found that the non-party had a "substantial interest in the arbitrations", and thus could intervene

as a matter of right under Rule 24(a).  841 F.2d at 467.  Specifically, the court found that the

arbitration decisions and injunctions "directly affect[ed]" the non-party's rights by preventing it

from "exercising its constitutional authority to establish work jurisdiction among its local

unions"; and that the injunction could be enforced against the non-party.  <u>Id.</u>

  Even if the Ninth Circuit were to follow suit, the Trustees have not met their burden to

show that they may intervene as a matter of right.  Intervention as of right is permitted when the

non-party "claims an interest relating to the property or transaction that is the subject of the

action, and is so situated that disposing of the action may as a practical matter impair or impede

the [non-party]'s ability to protect its interest, unless existing parties adequately represent that

interest." Fed. R. Civ. P. 24(a)(2). The Trustees argue that they have a right to intervene

because the award requires Golden Temple to assign the trademark registrations to Bibiji.

Trustees Reply (Dkt. #44) 9. Given the panel's findings that Golden Temple had no rights to the

marks, and that Bibiji was a 50% owner of the marks, the panel ordered that the registrations be

assigned to Bibiji. The panel also stated that they did not seek to determine the rights of the

marks between Bibiji or any other party. Therefore, the award neither prevents the Trustees

from claiming 50% ownership of the marks, nor prevents the Trustees from exercising their

ownership rights by licensing the marks. I agree that the Trustees do not have standing to

challenge the arbitration award as a non-party, and thus their motion for partial vacatur is denied.

II.      Golden Temple's Motion to Vacate or Partially Vacate

        Golden Temple challenges only the following aspects of the arbitration award: (1)

assignment of the mark registrations to Bibiji, (2) injunction against using the marks beginning

October 1, 2011—the effective date of the Interim License from the Trustees, and (3) the award

of damages from October 1, 2011 to December 31, 2011. There are limited ways to challenge an

arbitration award. 9 U.S.C. § 10(a). Golden Temple argues that the panel "exceeded its powers"

in issuing these aspects of the award. See id. at § 10(a)(4).

        An arbitrator exceeds his or her powers when the award "is completely irrational, or

exhibits a manifest disregard of law." Biller, 668 F.3d at 665. "'Manifest disregard of the law'

means something more than just an error in the law or a failure on the part of the arbitrators to

understand or apply the law." Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d

634, 641 (9th Cir. 2010) (citing Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co., 44 F.3d 826, 832

(9th Cir. 1995)).  "To vacate an arbitration award on this ground, [i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it."  Biller, 668 F.3d at 655 (quotation omitted).

      A.     Registration Assignment

Golden Temple contends that the panel exceeded its powers by adjudicating the rights of the non-party Trustees.  In support, Golden Temple cites to Comedy Club, Inc. v. Improv West Associates.  553 F.3d 1277 (9th Cir. 2009).  In that case, the arbitrator had enjoined Comedy Club and its affiliates from opening or operating other comedy club using Improv West's trademarks.  Id. at 1286.  "Affiliates" was broadly defined to include "family members, family members of shareholders, all collateral relatives, former spouses, and all collateral relatives of former spouses."  Id.  The court held that "the arbitrator acted beyond the scope of his authority as a matter of California law in attempting to bind all of [Comedy Club's] Affiliates."  Id. at 1288.  The court reasoned that some of the Affiliates, namely the relatives, were not parties to the trademark agreement.  Id.

Here, Golden Temple argues that assignment of the trademark registrations to Bibiji would prejudice the non-party Trustees' ability to enforce their ownership rights because in an infringement action, registration indicates validity of the mark.  Golden Temple Mem. (Dkt. #20) 9.  Therefore, if the marks are assigned to Bibiji alone, the Trustees have the burden of proving validity in an infringement action.  Id.  I am not persuaded that the panel improperly adjudicated the rights of the Trustees.  Nothing in the award prevents the Trustees from seeking co-registration of the marks.  The panel only determined the rights of the marks as between Golden Temple and Bibiji, e.g., the panel did not find that the Trustees are not co-owners of the marks.

/ / /

B.      Injunction

Golden Temple argues that "[t]o the extent the Award is interpreted to enjoin Golden Temple from using the marks…*despite* the fact that it has a valid license…from the Trustees, the Award ousts the Trustees of the right to license the marks[.]"  Golden Temple Mem. (Dkt. #20) 8.  The Interim License is a fact that developed after the arbitration proceeding had closed.  It is improbable that the panel enjoined Golden Temple's use of the marks despite a license to use the marks.  That said, the issue is whether the panel exceeded its powers by limiting the Trustees' right to license the marks.  The panel did not limit the Trustees' ability to license the marks.  There is nothing in the award to suggest that the Trustees may not exercise their rights to the marks.

Golden Temple alternatively argues that the panel "so imperfectly executed [their powers] that a mutual, final, and definite award upon the subject matter submitted was not made."  Golden Temple Mem. (Dkt. #20) 12 (citing 9 U.S.C. § 10(a)(4)).  "An award is 'mutual, definite and final' under § 10(a)(4) if it resolves all issues submitted to arbitration, and determines 'each issue fully so that no further litigation is necessary to finalize the obligations of the parties.'"  New United Motor Mfg. v. UAW Local 2244, 617 F. Supp. 2d 948, 954 (N.D. Cal. 2008) (quoting ConnTech Development Co. v. University of Connecticut Educ. Properties, Inc., 102 F.3d 677, 686 (2nd Cir. 1996).

Golden Temple asserts that the panel's decision was not "final and definite" because it is unclear whether the injunction is enforceable in light of the Interim License.  Golden Temple Mem. (Dkt. #20) 12.  I agree.  In making its findings, the panel did not consider the Interim License that Golden Temple had procured from the Trustees.  The injunctive relief granted by the panel was prospective.  Because circumstances had changed after the panel's findings, the

11 - OPINION & ORDER

panel should have considered the effect of the Interim License before issuing the award.  The injunctive relief portion of the award is vacated.

C.      Damages

Golden Temple argues that the panel exceeded its powers by awarding prospective damages based on Golden Temple's use of the marks through December 31, 2011.  Golden Temple Mem. (Dkt. #20) 10-11.  Specifically, Golden Temple asserts that the panel manifestly disregarded the law by awarding damages despite the presence of the Interim License with the Trustees.  Id. at 10.  In other words, the prospective damages were based on Golden Temple's infringing use of the marks, and Golden Temple cannot infringe if it has a license to use the marks.  I agree that the panel exceeded its powers in awarding prospective damages when it did not consider the effect of the Interim License that Golden Temple had obtained from the Trustees.  Permission to use the mark is a defense to infringement, and the resulting damages. See 15 U.S.C. § 1115(b).   Once Golden Temple alerted the panel that it had obtained a license from the co-owner Trustees, the panel should have reopened proceedings to consider the effect of the Interim License on the damages award.

Bibiji disagrees that the panel has authority to "determine whether the Trustees' Interim License is valid[.]"  Bibiji Mem. (Dkt. #33) 5.  Bibiji contends that panel's authority arises only from the initial license agreement between Golden Temple and the Living Trust, and thus the panel cannot determine the rights to the mark as between Bibiji and the Trustees.  Id.  When the panel determined that Bibiji owned only 50% of the marks, the panel indirectly recognized that the other 50% ownership rested with the Trustees.  Regardless, at the time Bibiji made this argument, the New Mexico court had not yet made findings as to Bibiji's reallocation claim against the Trustees—that she owned more than 50% of the marks.  In light of the New Mexico

12 - OPINION & ORDER

findings, this argument is moot since a court has already determined that Bibiji and the Trustees are equal co-owners of the marks.  There is no need for the panel to make a determination of ownership between Bibiji and the Trustees.  The award of damages from October 1, 2011 to December 31, 2011 is vacated.

        D.      Remand for Rehearing

"If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators."  9 U.S.C. § 10(b).  Additionally, the panel reserved jurisdiction to resolve "any dispute" regarding Golden Temple's obligation to pay royalties.  Heilbronner Decl. (Dkt. #30) Ex. C at 7, ¶ 2(b)(ii). The panel is directed to hold a rehearing to consider the effect of the Interim License on the injunction and the damages awarded from October 1, 2011 to December 31, 2011.  Except for these issues, all other aspects of the award are confirmed.  The proceedings in this case will be stayed pending the outcome of the rehearing.

III.    Bibiji's Motion to Dismiss

Bibiji's motion includes the following issues:  (1) challenges to an arbitration award may only be brought via a petition or motion, (2) the panel did not exceed their authority, (3) the panel lacked authority to determine the Trustees' rights, (4) joinder of the Trustees is improper, and (5) whether Golden Temple has a valid license is the subject of a pending case in California. The arguments that Bibiji raises have already been integrated in prior sections, or are moot in light of the prior sections.  Considering my earlier findings, the motion is denied.

/ / /

/ / /

/ / /

13 - OPINION & ORDER

IV.     Bibiji's Petition to Confirm

Bibiji had filed a petition to confirm the arbitration award in a later case (No. 3:11-cv-01380-HZ) that was consolidated with this case.  Puri v. Golden Temple of Oregon, LLC, No. 3:11-cv-01380-HZ, Dkt. #1.  The petition is dismissed as moot in light of my rulings in this case.

V.      Trustees' Motion to Further Supplement the Record

The Trustees filed a motion to further supplement the record.  Dkt. #70.  Further briefing was not necessary, nor requested.  The motion is denied.

CONCLUSION

Based on the foregoing, Golden Temple's motion to partially vacate the arbitration award [#19] is granted in part.  The portion of damages awarded after October 1, 2011 and the injunction against using the marks beginning January 1, 2012 are vacated.  The arbitrators are directed to hold a rehearing to determine the effect of the Interim License.  The Trustees' motion to vacate [#28] is denied because they lack standing to challenge the arbitration award; and Bibiji's motion to dismiss [#27] is denied.  Golden Temple's and the Trustees' motions to supplement the record [#60, 63] are granted.  The Trustees motion to further supplement the record [#70] is denied.  Bibiji's petition to confirm the arbitration award in No. 3:11-cv-01380-HZ is dismissed as moot.

IT IS SO ORDERED.

Dated this _____7_____ day of August, 2013.


MARCO A. HERNANDEZ
United States District Judge

14 - OPINION & ORDER