IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GOLDEN TEMPLE OF OREGON, LLC
an Oregon Limited Liability Company,

           Plaintiff,

   v.

BIBIJI INDERJIT KAUR PURI, an
individual; and SOPURKH KAUR
KHALSA, EK ONG KAR KAUR
KHALSA, and SHAKTI PARWHA
KAUR KHALSA, as Trustees of the
Yogi Bhajan Administrative Trust,

           Defendants.

No. 3:11-cv-01358-HZ

OPINION & ORDER

P. Andrew McStay , Jr.
Joseph M. Van Leuven
John F. McGrory , Jr.
Davis Wright Tremaine, LLP
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5630

/ / /
/ / /
/ / /

1 - OPINION & ORDER

Stuart R. Dunwoody
Davis Wright Tremaine, LLP
1201 3rd Avenue, Suite 2200
Seattle, WA 98101-3045

    Attorneys for Plaintiff

Surjit P. Soni
The Soni Law Firm
35 N. Lake Avenue, Suite 720
Pasadena, CA 91101

Loren Scott
The Scott Law Group
497 Oakway Rd., Suite 245
Eugene, OR 97401

    Attorneys for Defendant Bibiji
    Inderjit Kaur Puri

Jane K. Girard
Wray & Girard, P.C.
102 Granite Avenue, N.W.
Albuquerque, NM 87102-2310

Maureen A. Sanders
Sanders & Westbrook PC
102 Granite Ave NW
Albuquerque, NM 87102-2310

Michael K. Heilbronner
Idea Legal, PC
1631 NE Broadway, No. 443
Portland, OR 97232

    Attorneys for Defendants Trustees
    of the Yogi Bhajan Administrative
    Trust

/ / /

/ / /

/ / /

/ / /

2 - OPINION & ORDER

HERNANDEZ, District Judge:

This dispute concerns the confirmation of an arbitration award. On August 7, 2013, I partially vacated the award, ordered a rehearing by the arbitration panel, and partially confirmed the award. August 7, 2013 Op. & Order, Dkt. #75. Since then, Plaintiff Golden Temple of Oregon[1] ("GTO") moved for clarification and/or reconsideration and moved to stay the assignment of the trademark registrations and applications. Defendant Bibiji Inderjit Kaur Puri ("Bibiji") moved to compel the assignment of the trademark registrations and applications and moved to stay referral to the arbitration panel.

One issue central to these motions is whether my order on August 7, 2013 was final and appealable. It is not. I ordered that "[t]he proceedings in this case will be stayed pending the outcome of the rehearing." August 7, 2013 Op. & Order, 12. Without a final order or judgment, GTO need not immediately assign the trademark registrations and applications. Therefore, Bibiji's motion to compel assignment is denied and GTO's motion to stay the assignment is denied as moot.

Next, GTO requests clarification, or an amendment, that the trademark registrations and applications be assigned to both Bibiji and the Trustees. It is important to remember that the parties agreed to binding arbitration to resolve their dispute. The role of this court is limited to reviewing the arbitration award to determine whether the award should be confirmed or vacated. 9 U.S.C. §§ 9, 10(a). I found that the arbitration panel did not exceed its powers by ordering GTO to assign the trademark registrations and applications to Bibiji. August 7, 2013 Op. & Order, 10. There is no basis for me to order the arbitration panel to assign the registrations and applications to the Trustees who were not parties to the arbitration. The motion for reconsideration is denied.

---

[1] Golden Temple of Oregon has since changed its name to East West Tea Company, LLC.

3 - OPINION & ORDER

Finally, Bibiji requests that I stay the referral to the arbitration panel. I ordered the arbitration panel "to hold a rehearing to consider the effect of the Interim License on the injunction and the damages awarded from October 1, 2011 to December 31, 2011." Id. at 13. Again, the role of this court is limited to reviewing the arbitration award. Within this role, I directed a rehearing for portions of the award that were not confirmed. I decline to stay referral to the arbitration panel. The decision to stay the rehearing rests with the arbitration panel.

## CONCLUSION

The motion for clarification and/or reconsideration (#76) is denied, the motion to compel the assignment (#78) is denied, the motion to stay the assignment (#81) is denied as moot, and the motion to stay referral to the arbitration panel (#87) is denied.

IT IS SO ORDERED.

Dated this 8 day of October, 2013.

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge

4 - OPINION & ORDER