IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GOLDEN TEMPLE OF OREGON, LLC
an Oregon Limited Liability Company,

        Plaintiff,

   v.

BIBIJI INDERJIT KAUR PURI, an
individual; and SOPURKH KAUR
KHALSA, EK ONG KAR KAUR
KHALSA, and SHAKTI PARWHA
KAUR KHALSA, as Trustees of the
Yogi Bhajan Administrative Trust,

        Defendants.

No. 3:11-cv-01358-HZ

OPINION & ORDER

P. Andrew McStay , Jr.
Joseph M. Van Leuven
John F. McGrory , Jr.
Davis Wright Tremaine, LLP
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5630

/ / /
/ / /
/ / /

1 - OPINION & ORDER

Stuart R. Dunwoody
Davis Wright Tremaine, LLP
1201 3rd Avenue, Suite 2200
Seattle, WA 98101-3045

    Attorneys for Plaintiff

Surjit P. Soni
The Soni Law Firm
35 N. Lake Avenue, Suite 720
Pasadena, CA 91101

Loren Scott
The Scott Law Group
497 Oakway Rd., Suite 245
Eugene, OR 97401

    Attorneys for Defendant Bibiji
    Inderjit Kaur Puri

Jane K. Girard
Wray & Girard, P.C.
102 Granite Avenue, N.W.
Albuquerque, NM 87102-2310

Maureen A. Sanders
Sanders & Westbrook PC
102 Granite Ave NW
Albuquerque, NM 87102-2310

Michael K. Heilbronner
Idea Legal, PC
1631 NE Broadway, No. 443
Portland, OR 97232

    Attorneys for Defendants Trustees
    of the Yogi Bhajan Administrative
    Trust

/ / /

/ / /

/ / /

/ / /

2 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Before the court are two motions—Plaintiff Golden Temple of Oregon's[1] motion to confirm an arbitration award [114] and Defendant Bibiji Inderjit Kaur Puri's motion to vacate the arbitration award, or in the alternative, to stay proceedings [118]. The underlying arbitration involved a trademark dispute between over the use of "Yogi" and "Yogi Tea" ("Yogi Marks"). The court finds that the panel did not exceed its powers. But due to the panel's recognition of an internal inconsistency in its finding regarding the ownership and assignment of the Yogi Marks, that issue is remanded to the panel for consideration. Therefore, Plaintiff's motion is granted in part and Defendant's motion is denied.

BACKGROUND

This court previously vacated a prior arbitration award and ordered a rehearing by the arbitration panel on two issues regarding damages and an injunction. August 7, 2013 Op. & Order [75] at 14. Specifically, the court found that the panel should consider the effect of the Interim License agreement between Plaintiff and the Trustees of the Administrative Trust. Id. at 11–12. Judge Singleton of the First Judicial District Court of Sante Fe County[2] had found that Defendant Puri and the Administrative Trust each own a 50% interest of the Yogi Marks. Soni Decl. [118-1] Ex. G at 31 ¶¶ V, AA. On November 19, 2014, while briefing for these motions was ongoing, Judge Singleton's rulings were affirmed by the New Mexico Court of Appeals. VanLeuven Decl. [124] Ex. 1 at 3.

Considering the Interim License, the panel found for Plaintiff on both issues. McGrory Decl. [116] Ex. A (Award Upon Remand). The panel recognized the validity of the Interim License and found that Plaintiff should not be enjoined from using the Yogi Marks after January

---

[1] Golden Temple of Oregon has since changed its name to East West Tea Company, LLC.
[2] The case in New Mexico is between the Trustees of the Administrative Trust and Defendant Puri, Khalsa et al. v. Puri, Case No. D-101-CV-200702431.

3 - OPINION & ORDER

2012 and were no longer subject to damages awarded for October 1–December 31, 2011. Id. at 2–3. The panel further stated that "[t]here now exists an inconsistency between ownership of the Yogi Marks and ownership of the registrations and applications for the Yogi Marks." Id. at 3. The panel, however, declined reconsideration of the issue because it was "not properly before this panel at this time." Id. In the prior arbitration award, the panel had ordered Plaintiff to transfer ownership of the registration of the Yogi Marks to Defendant. This court declined to vacate that order because the panel "did not find that the Trustees are not co-owners of the [Yogi] marks." August 7, 2013 Op. & Order at 10.

## STANDARDS

Under the Federal Arbitration Act ("FAA"), "[r]eview of an arbitration award is both limited and highly deferential." Comedy Club, Inc. v. Improv West Assocs., 553 F.3d 1277, 1288 (9th Cir. 2009) (quotation marks and citation omitted). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the [FAA], which is unambiguous in this regard." Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 994 (9th Cir. 2003). Nonetheless, an arbitration award may be vacated if an arbitrator exceeded his or her powers or committed "affirmative misconduct" such that the award is "completely irrational or exhibits a manifest disregard of law." Id. at 998; see also Biller v. Toyota Motor Corp., 668 F.3d 655, 665 (9th Cir. 2012). The party seeking vacatur has the burden to establish grounds to vacate the arbitration award. U.S. Life Ins. Co. v. Superior Nat'l Ins. Co., 591 F.3d 1167, 1173 (9th Cir. 2010).

There are limited ways to challenge an arbitration award. 9 U.S.C. § 10(a). An arbitrator exceeds his or her powers when the award "is completely irrational, or exhibits a manifest disregard of law." Biller, 668 F.3d at 665. "'Manifest disregard of the law' means something

4 - OPINION & ORDER

more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." Lagstein v. Certain Underwriters at Lloyd's, London, 607 F.3d 634, 641 (9th Cir. 2010) (citing Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co., 44 F.3d 826, 832 (9th Cir. 1995)). "To vacate an arbitration award on this ground, [i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it." Biller, 668 F.3d at 655 (quotation omitted).

DISCUSSION

Plaintiff moves to confirm the Award Upon Remand, provided that it Plaintiff only assign 50% interest of the Yogi Marks to Defendant. Pl.'s Mem. 5. In the alternative, Plaintiff requests that this court remand to the panel the matter of assigning 100% interest of the Yogi Marks to Defendant. Id. Defendant moves to vacate the Award Upon Remand in its entirety, or at the very least, strike the language regarding the "inconsistency" in the ownership and registration of the Yogi Marks. In the alternative, Defendant requests that the case be stayed until review of Judge Singleton's rulings by the New Mexico appellate courts have been exhausted. Def.'s Mem. 10.

Defendant's opposition to confirmation of the Award Upon Remand can be summed up as follows: (1) the panel exceeded its authority by commenting on the assignment of the Yogi Marks, an issue that it was not ordered to rehear, (2) the panel exceeded its powers by assuming that the Trustees own 50% of the Yogi Marks and that the assumption was based on dicta in Judge Singleton's opinion, and (3) the panel failed to determine the validity of the Interim License. Def.'s Mem. 5, 8, 9. None of these arguments have merit. First, the panel did not revisit the issue of the assignment of the Yogi Marks. The panel merely pointed out an

5 - OPINION & ORDER

inconsistency in its Award Upon Remand, and expressly declined to reconsider the issue in light of this court order.

Second, Defendant fails to explain how Judge Singleton's ruling that the Administrative Trust and Defendant share a 50% interest in the Yogi Marks is dicta. In the New Mexico case, Defendant argued that she was entitled to a reallocation of her deceased husband's (Yogi Bhajan) half of the community estate. VanLeuven Decl. Ex. 1 at 18 ¶ 34. In particular, Defendant argued that she was entitled to more than 50% interest in the Yogi Marks. Id. Judge Singleton concluded that the "[Administrative Trust] and [Defendant] share a 50% ownership interest in all of the Living Trust's IP, including the Yogi Bhajan trademarks (the 'Marks'), that are the subject of the license agreements with GTO and Amalgamated." Soni Decl. Ex. G at 31 ¶ V. The New Mexico Court of Appeals affirmed the finding because it was supported by the evidence in the record. VanLeuven Decl. Ex. 1 at 19 ¶ 35 (agreeing with the district court's finding that "[a]ll of Yogi Bhajan's intellectual property interests were properly inventoried and…50 [percent] of Yogi Bhajan's intellectual property was distributed to [Defendant]"). The Court of Appeals concluded that Judge Singleton did not abuse her discretion "in declining to order reallocation of Yogi Bhajan's half of the community assets." Id. at 32 ¶ 59. Nothing in Judge Singleton's opinion, or the affirmance by the Court of Appeals, suggests that her findings regarding the shared ownership of the Yogi Marks were dicta.

Defendant further argues that the panel failed to evaluate the validity of the Interim License between Plaintiff and the Trustees and that the Interim License "is clearly unlawful." Def.'s Mem. 9. This court disagrees. Judge Singleton found that "[t]he Trustees were within their rights as co-owners to negotiate and issue the Interim License Agreement." Soni Decl. at 31 ¶ CC. Defendant challenges the validity of the Interim License because it grants an

6 - OPINION & ORDER

"exclusive right and license" to Plaintiff.  Mehrbani Decl. [21] Ex. 2 at ¶ 1A.[3]  However, other provisions in the Interim License explain that the Trust owns 50% of the Yogi Marks and that "[n]othing in this agreement purports, or is intended, to affect [Defendant's] co-ownership in any intellectual property."  Id. at ¶¶ 1B, 1E.

In short, Defendant has not shown that the Award Upon Remand should not be confirmed.  In recognition of the panel's difficulty with its inconsistent ruling between the ownership and the assignment of the Yogi Marks, the court remands this issue to the panel.  Although this court had previously confirmed the assignment of the Yogi Marks to Defendant, it could not predict the panel's decision upon remand.  It was not the court's intent to limit the panel in such a way to create an inconsistency within its findings.

Finally, Defendant requests that this case be stayed until review of Judge Singleton's rulings by the New Mexico appellate courts have been exhausted.  The parties agreed to binding arbitration to resolve their dispute.  The role of this court is limited to reviewing the arbitration award to determine whether the award should be confirmed or vacated.  9 U.S.C. §§ 9, 10(a).  This court declines to stay this case to await completion of the New Mexico appellate process.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] Although Defendant did not include the Interim License with its present motion, the Interim License became part of the record as an exhibit attached to Plaintiff's motion to vacate the first arbitration award.

7 - OPINION & ORDER

CONCLUSION

Based on the foregoing, Plaintiff's motion to confirm the arbitration award upon remand [114] is granted in part and Defendant's motion to vacate the arbitration award upon remand, or in the alternative, stay the case [118] is denied. The panel's findings regarding the injunction and damages are confirmed, but the matter of the assignment of the Yogi Marks is remanded.

IT IS SO ORDERED.

Dated this 23 day of Dec, 2014

*/s/ Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge