IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GOLDEN TEMPLE OF OREGON, LLC,
an Oregon Limited Liability Company,

    Plaintiff,

    v.

BIBIJI INDERJIT KAUR PURI, an
individual; and SOPURKH KAUR
KHALSA, EK ONG KAR KAUR
KHALSA, and SHAKTI PARWHA
KAUR KHALSA, as Trustees of the
Yogi Bhajan Administrative Trust,

    Defendants.

No. 3:11-cv-01358-HZ

OPINION & ORDER

Joseph M. VanLeuven
John F. McGrory, Jr.
Davis Wright Tremaine, LLP
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201

    Attorneys for Plaintiff

//

//

1 – OPINION & ORDER

Loren S. Scott
The Scott Law Group
2350 Oakmont Way, Suite 106
Eugene, OR 97401

Surjit P. Soni
M. Danton Richardson
The Soni Law Firm
116 South Euclid Ave.
Pasadena, CA 91101

    Attorneys for Defendant Bibiji Inderjit Kaur Puri

Jane K. Girard
Wray & Girard, P.C.
102 Granite Avenue, N.W.
Albuquerque, NM 87102

Maureen A. Sanders
Sanders & Westerbrook PC
102 Granite Ave NW
Albuquerque, NM 87102

Michael K. Heilbronner
Idea Legal, PC
1631 NE Broadway, No. 443
Portland, OR 97232

    Attorneys for Defendants Trustees of the Yogi
    Bhajan Administrative Trust

HERNÁNDEZ, District Judge:

    Plaintiff East West Tea Company, LLC[1] ("EWTC") and Defendant Bibiji Inderjit Kaur Puri ("Bibiji") have recently completed a third round of arbitration involving a trademark dispute over the use of "Yogi" and "Yogi Tea" ("Yogi Marks"). The Arbitration Panel ("Panel") ordered EWTC to assign an undivided 50% ownership interest in the trademark registrations and applications associated with the Yogi Marks ("Registrations") each to Bibiji and to the Yogi

---

[1] Plaintiff was formerly known as Golden Temple of Oregon and has since changed its name to East West Tea Company, LLC.

2 – OPINION & ORDER

Bhajan Administrative Trust ("YB Trust"). Because of this award, EWTC has been able to maintain its use of the Yogi Marks through licensing agreements it has with YB Trust. Bibiji moves to vacate the arbitration award [141] and EWTC moves to confirm it [143]. Bibiji also disputes the Panel's award of attorney fees and costs to EWTC as the prevailing party. Because the Panel did not exceed its power and its award was final, the Court grant's EWTC's motion, denies Bibiji's motion, and confirms the Panel's awards.

BACKGROUND

In 2011, the Panel issued its original award ("First Award") finding EWTC liable to Bibiji for trademark infringement and enjoining it from using the Yogi Marks. Soni Decl. Exs. K, L, ECF 141. The Panel also awarded Bibiji over $2 million in damages for trademark infringement, including attorney fees and costs. Soni Decl. Ex. K at 14–15. Given that the Panel found that EWTC had no rights to the Yogi Marks, and that Bibiji was a 50% owner of the marks, the Panel ordered EWTC to assign the Registrations to Bibiji. *Id.* Because YB Trust was not a party to the arbitration, the Panel did not, however, determine ownership of the Registrations as between Bibiji and YB Trust.

The Court partially vacated the First Award and remanded for further arbitration. *See* Aug. 7, 2013, Op. & Order, ECF 75; Oct. 8, 2013, Op. & Order, ECF 105. The Court found that the Panel had exceeded its power by failing to consider the effect of the licensing agreement between EWTC and YB Trust on the injunction and damages portions of the First Award. *See* Aug. 7, 2013, Op. & Order at 12–13. YB Trust also challenged the First Award, arguing that because it was a 50% owner of the Yogi Marks, the Panel should have assigned to it a 50% ownership interest in the Registrations. The Court found that YB Trust did not have standing to challenge the First Award because it was not a party to the arbitration. Accordingly, the Court

confirmed the First Award with respect to the assignment of the Registrations, finding that the First Award did not prevent YB Trust from claiming 50% ownership in the Yogi Marks or from exercising their ownership rights by licensing the marks. *Id.* at 9.

On first remand, the Panel found that the license agreement between EWTC and YB Trust was valid, EWTC should not have been enjoined from using the Yogi Marks after January 2012, and it was no longer subject to damages awarded for October 1–December 31, 2011("Second Award"). McGrory Decl. Ex. A, ECF 116. The Panel declined to reconsider the issue of whether YB Trust was entitled to 50% ownership of the Registrations, finding that the issue was not properly before the Panel. *Id.*

> There now exists an inconsistency between ownership of the Yogi Marks and ownership of the registrations and applications for the Yogi Marks. However, because the District Court upheld the portion of the Award relating to assignment of the registrations and applications, reconsideration of that issue is not properly before the panel at this time.

*Id.* at 5 In other words, the Panel did not vacate First Award's order that EWTC assign the Registrations to Bibiji.

The Court partially vacated the Second Award and remanded for further arbitration in light of developments affecting the ownership of the Yogi Marks in parallel litigation. *See* Dec. 12, 2014, Op. & Order, ECF 128. Judge Singleton of the First Judicial District Court of Sante Fe County in New Mexico determined that Bibiji and YB Trust each owned a 50% interest of the Yogi Marks.[2] The Court remanded the case for arbitration to allow the Panel to consider the inconsistency between the Panel's First Award ordering EWTC to assign 100% of the

---

[2] *Khalsa et al. v. Puri*, No. D-101-CV-200702431 (available at Oct. 29, 2014, Soni Decl. Ex. G at p. 30; Ex. H, ECF 118) ("The YB Trust and Bibiji share a 50% ownership interest in all of the Living Trust's IP, including the Yogi Bhajan trademarks (the 'Marks'), that are the subject of the license agreements with GTO and Amalgamated.").

Registrations to Bibiji and Judge Singleton's determination that YB Trust owned 50% of the Yogi Marks. *Id.*

On second remand, the Panel ordered EWTC to assign an undivided 50% ownership interest in the Registrations each to Bibiji and to YB Trust ("Final Award"). Soni Decl. Ex. A at 2–3. As part of the Final Award, the Panel also awarded attorney fees and costs to EWTC as the prevailing party. *Id.* Bibiji filed her Request for Correction of the Final Award in arbitration and the Panel rejected her request. The Panel awarded additional attorney fees and costs to EWTC as the prevailing party with regard to Bibiji's Request for Correction ("Fee Award"). Soni Decl. Exs. B, C.

Now Bibiji moves to vacate the Panel's Final Award and Fee Award. She argues that the Panel exceeded its authority by assigning an ownership interest in the Registrations to YB Trust, which was not a party to the arbitration. She further argues that the Final Award should be vacated because it failed to account for foreign and other Yogi Bhajan-related intellectual property. Lastly, Bibiji moves to vacate the Panel's award of attorney fees and costs to EWTC on the ground that she is the only "prevailing party" entitled to such fees because she prevailed on her underlying trademark infringement claims. EWTC moves to confirm the Panel's Final Award and Fee Award and seeks attorney fees and costs associated with the proceedings before this Court.

## STANDARDS

Under the Federal Arbitration Act ("FAA"), "[r]eview of an arbitration award is both limited and highly deferential." *Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) (quotation marks and citation omitted). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the

5 – OPINION & ORDER

statute, which is unambiguous in this regard." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003). "It is not enough . . . to show the panel committed an error or even a serious error." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (quoting *Stolt-Neilsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671(2010)). Nonetheless, an arbitration award may be vacated if an arbitrator exceeded his or her powers or committed "affirmative misconduct." *Kyocera*, 341 F.3d at 998; *see also Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012) (same). The party seeking vacatur has the burden of establishing grounds to vacate the arbitration award. *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).

There are limited ways to challenge an arbitration award. *See* 9 U.S.C. § 10(a). An arbitrator exceeds his or her powers when the award "is completely irrational, or exhibits a manifest disregard of law." *Biller*, 668 F.3d at 665 (quoting *Kyocera*, 341 F.3d at 997). "'Manifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Lagstein*, 607 F.3d at 641 (quoting *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995)). "To vacate an arbitration award on this ground, '[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it.'" *Biller*, 668 F.3d at 655 (quoting *Lagstein*, 607 F.3d at 641). Judicial review is limited in this way to maintain arbitration's "essential virtue of resolving legal disputes straightaway." *Wulfe v. Valero Ref. Co.-California*, No. 16-55824, 2017 WL 1396685, at *1 (9th Cir. Apr. 19, 2017) "If parties could take full-bore legal and evidentiary appeals, arbitration would become merely a prelude to a more cumbersome and time-consuming judicial review process." *Id.* (citing *Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 (2013).

DISCUSSION

The parties' cross-motions raise three issues, whether: (1) the Panel exceeded its power by assigning an ownership interest in the Registrations to YB Trust who was not a party to the arbitration; (2) the Panel's Final Award was not "final" because it did not account for foreign and other Yogi Bhajan-related intellectual property; and (3) the Panel exceeded its power by awarding attorney fees and costs to EWTC as the "prevailing party."

I. **The Panel's Assignment of an Ownership Interest in the Registrations to YB Trust**

Bibiji carries the burden of demonstrating that, based on the record, it was clear that the Panel recognized the applicable law and ignored it by awarding a 50% ownership interest in the Registrations to YB Trust. Bibiji argues that EWTC did not have standing to assert the rights of YB Trust, which was not a party to the arbitration. This Court disagrees.

The Court can vacate the Panel's award only if the Panel exceeded its power. *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (stating that "§ 10 does not sanction judicial review of the merits of arbitration awards"). EWTC has an interest in the assignment of partial ownership of the Registrations to YB Trust. EWTC brought this lawsuit seeking declaratory relief regarding its own rights to use the Yogi Marks as well as to determine how much of an ownership interest in the Registrations it must assign to Bibiji such that EWTC can maintain its licensing agreements with YB Trust. *See* Am. Compl. ¶¶ 27–37, ECF 4. In other words, EWTC has standing because it asserts its own rights and interests which are also entwined with YB Trust's rights. Bibiji has not shown that the Panel's implicit rejection of her standing argument was "completely irrational" or "constitutes manifest disregard for the law" sufficient to warrant vacatur. *Coutee v. Barington Capital Grp.*, 336 F.3d 1128, 1132–33 (9th Cir. 2003) .

Bibiji also argues that the Panel exceeded its power by awarding relief to a party that did not participate in the arbitration. Bibiji has not pointed to anything in the record or in the law which shows that the Panel manifestly disregarded the law or ignored the facts. The only Ninth Circuit case she relies on for the proposition that arbitrators exceed their authority when they award relief to non-parties to the arbitration is *Comedy Club*. 553 F.3d at 1288.

In *Comedy Club*, the Ninth Circuit held that the arbitrators exceeded their authority as a matter of California law when they restricted non-parties from engaging in lawful business. *Id.* at 1287–88 (explaining that "[b]y restricting non-part[ies] . . . from engaging in a lawful business, the injunctions, with respect to those persons, exceeded the arbitrator's authority"). In that case, the court determined that arbitrators cannot grant injunctive relief restraining non-parties. *Comedy Club* does not state that arbitrators exceed their authority by issuing awards which require a party to the arbitration to give something to a non-party. In this case, the Final Award does not seek to restrain YB Trust as a non-party; rather, the Panel ordered EWTC to assign an ownership interest to YB Trust. This case is therefore distinguishable and Bibiji's reliance on *Comedy Club* is therefore misplaced. Under Ninth Circuit precedent, "[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Biller*, 668 F.3d at 665. The law in this jurisdiction does not state that arbitrators exceed their authority when they grant an award that benefits a third party. Bibiji's citations to persuasive authority from other circuits are insufficient to show that the Panel manifestly disregarded the law in this jurisdiction. In sum, Bibiji has failed to satisfy her burden that the Panel manifestly disregarded the law or that its Final Award was completely irrational.

Bibiji also cites to the Lanham Act, 15 U.S.C. § 1051, and provisions of the Trademark Manual of Examination Procedure, TMEP § 803.03(d), which state that there *may* be more than

one party entitled to the use of a trademark and that applications for registrations *may* be filed in the names of joint-owners, but are not required to be. However, neither source prohibits arbitrators from assigning to a trademark's joint-owner a proportional ownership interest in the trademark's registrations. Further, Bibiji has not cited to any authority requiring arbitrators to order that the entire ownership interest in trademark registrations be assigned only to the registrations' joint-owner who is a party to arbitration. Therefore, Bibiji has not shown that the Panel manifestly disregarded the law by assigning part ownership of the Registrations to YB Trust. *See Biller*, 668 F.3d at 668 n.7 (holding that vacatur is proper only where there is "evidence that the Arbitrator knew the law but ignored it nonetheless").

In any event, if the Court were to vacate the Final Award to the extent that it granted a 50% ownership interest in the Registrations to YB Trust, that would not entitle Bibiji to a 100% ownership interest. A court may void part of an arbitration award under § 10 of the FAA. *See Coutee v. Barington Capital Grp., L.P.*, 336 F.3d 1128, 1134 (9th Cir. 2003) ("A federal court may vacate an arbitration award, or a portion thereof, if the arbitrators acted beyond their authority."). Bibiji is essentially asking the Court to reverse its prior decision to vacate the Second Award. The Second Award confirmed her 100% ownership interest in the Registrations. As discussed above, however, the Court remanded for further arbitration in light of Judge Singleton's determination that YB Trust owned 50% of the Yogi Marks. The Court expressly instructed the Panel to consider upon remand, the inconsistency regarding ownership of the Yogi Marks and assignment of the Registrations. Dec. 23, 2014, Op. & Order at 3. When the Court issued that opinion, Judge Singleton's decision had not yet completed New Mexico's appellate process. The New Mexico District Court held a trial in which it heard testimony for five days and considered over 500 exhibits. That court rejected Bibiji's arguments regarding reapportionment

of the Yogi Marks and found for YB Trust on all claims. *See* Oct. 29, 2014, Soni Decl. Ex. H at 22. The trial court's decision was affirmed by the New Mexico Court of Appeals and Bibiji's petition for a writ of certiorari to the Supreme Court of New Mexico was denied. *Khalsa v. Puri*, 2015-NMCA-027, 344 P.3d 1036, 1041 (N.M. Ct. App. 2015), *cert denied* 345 P.3d 341(N.M. Jan. 14, 2015) (No. 35,043).

Now, Bibiji seeks to use her arbitration with EWTC to box out YB Trust and circumvent the results of her litigation in New Mexico. In Bibiji's view, the arbitration at issue in this case is a zero-sum game between EWTC and herself in which she is the only party entitled to complete ownership of the Registrations. The Panel recognized that such a result would be inconsistent with YB Trust's 50% ownership of the Yogi Marks and it awarded ownership of the Registrations accordingly. Now that the Panel has issued its Final Award reflecting YB Trust's joint-ownership of the Yogi Marks, Bibiji asks the Court to vacate that award. As discussed above, however, she has not shown that the law requires vacatur of the award to YB Trust as a joint-owner of the Yogi Marks. Because Bibiji has not satisfied her burden under § 10 by showing that the Panel manifestly disregarded the law, the Court confirms the Panel's award.

## II. Foreign and Other Yogi Bhajan-Related Intellectual Property

Next, Bibiji argues that the Final Award was not "final" and must be set aside because it did not account for ownership of foreign and other Yogi Bhajan-related intellectual property. The FAA provides that an arbitration award may be set aside where the arbitrator "so imperfectly executed [its powers] that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). "An award is 'mutual, definite and final' under § 10(a)(4) if it resolves all issues submitted to arbitration, and determines 'each issue fully so that no further litigation is necessary to finalize the obligations of the parties.'" *New United Motor Mfg. v. UAW*

*Local 2244*, 617 F. Supp. 2d 948, 954 (N.D. Cal. 2008) (quoting *ConnTech Dev. Co. v. Univ. of Connecticut Educ. Props., Inc.*, 102 F.3d 677, 686 (2d Cir. 1996)).

Bibiji asserts that her Amended Demand for Arbitration encompassed intellectual property beyond the trademarks registered with the U.S. Patent and Trademark Office ("USPTO"), including foreign marks, product marks, trade dress, SKUs, and bar codes. *See* Def. Mot. to Vacate at 13; Soni Decl. Ex. H. She points to the background section of the Amended Demand for Arbitration which alleges that the parties' License Agreement prohibits EWTC from registering Yogi Bhajan-related trademarks in any country. Soni Decl., Ex. H ¶¶ 11–16; Ex. D at ¶ 1.2.

The Court finds that this argument is specious given its novel appearance at such a late stage in this litigation. Regarding intellectual property, over the past five years the parties have engaged in litigation and arbitration focused only on registrations and applications with the USPTO. Indeed, Count VI of the Amended Demand for Arbitration, titled "Assignment of Trademark Applications and Registrations to All Yogi Marks," requests relief only with respect to registrations and applications with the USPTO. *Id.* at ¶¶ 60–67. Bibiji did not challenge the Panel's Second Award granting her complete ownership of the Registrations, even though that award made no mention of foreign trademarks or the other intellectual property that she now disputes. *See* Soni Decl. Exs. K, L. It was not until the Panel issued its Final Award, which was less favorable to Bibiji, that she filed a Request for Correction seeking to include additional intellectual property in the arbitration. *See* Soni Decl. Ex. B. The Panel rejected Bibiji's Request for Correction, reasoning that Count VI of the Demand for Arbitration identified only U.S. registrations and applications. *Id.* at 2. The Panel found that "[n]o claim for relief was made for any foreign trademark application or registrations." *Id.* Because Count VI did not mention

foreign or other intellectual property as Bibiji asserts, the Panel concluded that the Final Award was not silent as to an issue that needed to be resolved and correction of the award was not necessary or required. *Id.*

It was rational for the Panel to interpret Bibiji's Amended Demand for Arbitration as pertaining only to U.S. registrations and applications. "An award is completely irrational 'only where the arbitration decision fails to draw its essence from the agreement.'" *Biller*, 668 F.3d at 665 (quoting *Lagstein*, 607 F.3d at 642). "An arbitration award 'draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties intentions." *Id.* (quoting *Lagstein*, 607 F.3d at 642). In the instant case, the essence of the parties' agreement and the substance of their dispute only involve U.S. registrations and applications. Stray references to foreign and other intellectual property obscured within the parties' License Agreement and the Amended Demand for Arbitration were insufficient to place the issue before the Panel. *See* Soni Decl. Ex. D at ¶¶ 21, 5.2, 5.3, 19; Ex. H at ¶¶ 11–16. In any event, the Court has "no authority to vacate an award solely because of an alleged error in contract interpretation." *Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1486 (9th Cir. 1991) (citing *San Martine*, 293 F.2d at 800). Even if the Panel was mistaken, and the parties' License Agreement included the intellectual property that Bibiji asserts, the Court is not convinced that the Panel committed serious error sufficient to vacate the Final Award. Accordingly, the Court finds that the Panel did not act in excess of its power by not including foreign and other intellectual property in the Final Award.

//

//

### III. The Panel's Award of Attorney Fees and Costs to EWTC as the "Prevailing Party"

EWTC moves to confirm the Panel's Final Award and Fee Award. It also seeks attorney fees and costs in this case pursuant to Federal Rule of Civil Procedure 54(d). Bibiji, by contrast, moves to vacate both awards and argues that she is the only "prevailing party" entitled to costs and fees.

The Panel's Final Award granted EWTC $32,440.18 in attorney fees and costs. Soni Decl. Ex. A at 1. Before the proposed judgment associated with that award was entered, however, Bibiji filed her Request for Correction. After the Panel denied Bibiji's Request for Correction, it issued the Fee Award granting EWTC additional attorney fees and costs in the sum of $22,367.72. Vanleuven Decl. Ex. A, ECF 144. In total, the Panel awarded EWTC $54,807.90.

Under Oregon law, the "prevailing party" is determined on a claim-by-claim basis. *16TH Grp., LLC v. Lynch Mech. Const., LLC*, 265 Or. App. 217, 220–21, 334 P.3d 988, 990 (2014) (citing Or. Rev. Stat. ("O.R.S.") § 20.077). "Under O.R.S. § 20.077, there can be more than one prevailing party in actions that involve multiple claims or counterclaims. . . ." *Lemargie v. Johnson*, 212 Or. App. 451, 454 n.3, 157 P.3d 1284 (2007). "The prevailing party on a claim is the party that received a *favorable judgment on a claim*, and that is determined by 'weigh[ing] what was sought by each party against the result obtained.'" *Id.* (quoting *Beggs v. Hart*, 221 Or.App. 528, 538–39, 191 P.3d 747, 752 (2008)); *see also Beggs*, 221 Or. App. at 538–39 (citing *Lemargie*, 212 Or. App. At 454 n.3, 157 P.3d 1284) ("[O]n remand, the trial court must consider on a claim-by-claim basis under ORS 20.077 who received a 'favorable judgment' and is, therefore, the 'prevailing party' for each claim."). Furthermore, O.R.S. § 20.077(3) provides that in the appellate context, the court may exercise its discretion to "designate as the prevailing party a party who obtains a substantial modification of the judgment."

Bibiji argues that the Panel exceeded its authority by awarding attorney fees to EWTC because she is the only "prevailing party" under the parties' License Agreement and Oregon law. The License Agreement provides, in relevant part, that:

> The prevailing party in the arbitration shall be entitled to its reasonable costs and attorney fees in connection therewith. The determination of who is the prevailing party, what are reasonable costs, and the amount of attorney fees to be paid to the prevailing party shall be decided by the arbitrator(s) (with respect to all recoverable attorney fees incurred prior to and during the arbitration proceedings) and by the court or courts, including any appellate court, that hears any exceptions made to an award submitted to it for confirmation as judgment (with respect to fees incurred in such court proceedings).

Soni Decl. Ex. D at ¶ 19. Bibiji's position is that the only relevant "claims" for determining who is the "prevailing party" are the trademark infringement claims which she prevailed on in the underlying arbitration. As EWTC points out, it previously paid Bibiji over $2 million in damages for trademark infringement pursuant to the Panel's First Award. Vanleuven Decl. ¶ 3. That sum included Bibiji's attorney fees and costs incurred during that phase of the case. That portion of the First Award was confirmed by the Court and is not disputed here. In other words, Bibiji has already been awarded attorney fees and costs as the "prevailing party" on her "claims" related to trademark infringement. The Panel's Final Award and Fee Award concern EWTC's Motion to Vacate the Second Award and Bibiji's Request for Correction. EWTC prevailed regarding both of those motions.

It was rational for the Panel to designate EWTC as the prevailing party under O.R.S. § 20.077 and the parties' License Agreement. Oregon law permits fee awards to multiple "prevailing parties" and EWTC's requests to vacate and amend portions the judgment from the Panel's awards could be construed as "claims" for fee purposes. Further, the Panel's Fee Award is an implicit rejection of Bibiji's reading of the License Agreement and arbitrators are not

required to explain the reasoning behind their decisions. *See Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (citing *Wilko v. Swan*, 346 U.S. 427, 436 (1953)) ("Arbitrators are not required to set forth their reasoning supporting an award."). "If they choose not to do so, it is all but impossible to determine whether they acted with manifest disregard for the law." *Id.* (quoting *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000)). Even if the Panel improperly determined who the "prevailing party" was under the License Agreement as Bibiji argues, this would not warrant vacatur. *See Employers Ins. of Wausau*, 933 F.2d at 1486 (holding that an arbitrator's alleged error in contract interpretation is insufficient to support vacatur). Accordingly, the Court grants EWTC's Motion to confirm the Panel's award of attorney fees and costs. Additionally, given that EWTC has prevailed on its claims as alleged in the Amended Complaint, the Court finds that EWTC is the prevailing party in this litigation and is entitled to reasonable attorney fees and costs. *See* Am. Compl. ¶¶ 27–37.

## CONCLUSION

EWTC's Motion for Order Confirming Arbitration Award [143] is GRANTED. Bibiji's Motion to Vacate Final Arbitration Award on Second Remand [141] is DENIED. The Court confirms the Panel's Final Arbitration Award and Fee Award. EWTC is directed to submit to the Court a proposed judgment consistent with this Opinion.

DATED this \_\_2\_\_ day of \_\_\_June\_\_\_, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge