John F. McGrory, Jr., OSB #813115
johnmcgrory@dwt.com
Joseph M. VanLeuven, OSB #824189
joevanleuven@dwt.com
Kevin H. Kono, OSB #023528
kevinkono@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5610
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

       Attorneys for East West Tea Company, LLC
       (formerly known as Golden Temple of Oregon, LLC)

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **EAST WEST TEA COMPANY, LLC, fka GOLDEN TEMPLE OF OREGON, LLC,** an Oregon Limited Liability Company,<br><br>              **PLAINTIFF**,<br><br>   v.<br><br>**BIBIJI INDERJIT KAUR PURI,** an individual; and **SOPURKH KAUR KHALSA, EK ONG KAR KAUR KHALSA,** and **SHAKTI PARWHA KAUR KHALSA,** as Trustees of the Yogi Bhajan Administrative Trust,<br><br>          **DEFENDANTS**. | Case No. 3:11-cv-01358-HZ<br><br>**PLAINTIFF'S ANSWER AND DEFENSES TO BIBIJI INDERJIT KAUR PURI'S COUNTERCLAIM** |

       Plaintiff East West Tea Company, LLC ("EWTC") respectfully submits this answer to

Defendant Bibiji Inderjit Kaur Puri's ("Bibiji") counterclaim stated in her June 8, 2020 Answer

Page 1 – PLAINTIFF'S ANSWER AND DEFENSES TO BIBIJI INDERJIT KAUR PURI'S COUNTERCLAIM

4823-1922-3232v.4 0097173-000008

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

to Second Amended and Supplemental Complaint for Declaratory Judgment and Counterclaim (Dkt. No. 221) ("Bibiji's Counterclaim").

## COUNTERCLAIM

In response to the unnumbered introduction to Bibiji's Counterclaim, EWTC answers that the unnumbered introduction states legal conclusions to which no response is required. To the extent a response is required, EWTC admits that Bibiji asserts a counterclaim under 28 U.S.C. § 2201 and that a controversy exists between EWTC and Bibiji. Except as expressly admitted, EWTC denies the allegations the unnumbered introduction to Bibiji's Counterclaim and the whole thereof.

## PARTIES

1.      In answering paragraph 1 of Bibiji's Counterclaim, EWTC admits that Bibiji is an individual. EWTC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 1 of Bibiji's Counterclaim and therefore denies them. Except as expressly admitted, EWTC denies the allegations in paragraph 1 of Bibiji's Counterclaim and the whole thereof.

2.      EWTC admits the allegations in paragraph 2 of Bibiji's Counterclaim.

## JURISDICTION

3.      Paragraph 3 of Bibiji's Counterclaim states legal conclusions to which no response is required. To the extent a response is required, EWTC admits that Bibiji asserts a counterclaim seeking relief under 28 U.S.C. §§ 2201 and 2202. Except as expressly admitted, EWTC denies the allegations in paragraph 3 of Bibiji's Counterclaim and the whole thereof.

4.      Paragraph 4 of Bibiji's Counterclaim contains legal conclusions to which no response is required. To the extent a response is required, EWTC admits that this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over a counterclaim that derives from a common nucleus of operative fact with the allegations contained in a complaint over which this court has original jurisdiction and that this court has original jurisdiction under 15 U.S.C. § 1121

Page 2 – PLAINTIFF'S ANSWER AND DEFENSES TO BIBIJI INDERJIT KAUR PURI'S COUNTERCLAIM

and 28 U.S.C. § 1338.  Except as expressly admitted, EWTC denies the allegations in paragraph 4 of Bibiji's Counterclaim and the whole thereof.

5.      Paragraph 5 of Bibiji's Counterclaim contains legal conclusions to which no response is required.  To the extent a response is required, EWTC admits the allegations in paragraph 5 of Bibiji's Counterclaim.

6.      Paragraph 6 of Bibiji's Counterclaim contains legal conclusions to which no response is required.  To the extent a response is required, EWTC admits that it is subject to personal jurisdiction in this judicial district and that venue is proper.  EWTC further admits that it filed its Second Amended and Supplemental Complaint (Dkt. No. 199) ("SAC") in the above-captioned matter on February 7, 2020, seeking, among other things, declaratory relief.  Except as expressly admitted, EWTC denies the allegations in paragraph 6 of Bibiji's Counterclaim and the whole thereof.

## FACTUAL BACKGROUND

### Yogi Bhajan's Intellectual Property

7.      In answering Paragraph 7 of Bibiji's Counterclaim, EWTC admits that Yogi Bhajan died in 2004.  EWTC further admits that certain intellectual property exists relating to Yogi Bhajan's name and likeness, the YOGI and YOGI TEA trademarks, and other trademarks and trade dress associated with the YOGI TEA brand, which are used in connection with certain products including tea (the "YOGI Marks").  EWTC denies that Bibiji is now a co-owner of the YOGI Marks.  Except as expressly admitted, EWTC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of Bibiji's Counterclaim and therefore denies them and the whole thereof.

8.      In answering paragraph 8 of Bibiji's Counterclaim, EWTC admits that Yogi Bhajan was a Sikh spiritual leader who embraced certain teachings.  Except as expressly admitted, EWTC is without knowledge or information sufficient to form a belief as to the truth

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

4823-1922-3232v.4 0097173-000008

or falsity of the allegations in paragraph 8 of Bibiji's Counterclaim and therefore denies them and the whole thereof.

9.      In answering paragraph 9 of Bibiji's Counterclaim, EWTC admits that its predecessor-in-interest, Golden Temple of Oregon ("GTO"), licensed the YOGI Marks in 2004, prior to Yogi Bhajan's death (the "2004 License"), and that GTO obtained the 2004 License from a living trust Yogi Bhajan and Bibiji had established to hold their assets (the "Living Trust").  EWTC further admits that the YOGI Marks had goodwill value.  Except as expressly admitted, EWTC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of Bibiji's Counterclaim and therefore denies them and the whole thereof.

10.      In answering paragraph 10 of Bibiji's Counterclaim, EWTC admits that EWTC's predecessor-in-interest, GTO, had obtained the 2004 License for the YOGI Marks from the Living Trust in 2004.  Except as expressly admitted, EWTC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of Bibiji's Counterclaim and therefore denies them and the whole thereof.

## Co-Ownership of the Yogi Trademarks

11.      In answering paragraph 11 of Bibiji's Counterclaim, EWTC admits that, upon Yogi Bhajan's death, the Yogi Bhajan Administrative Trust ("YB Trust") succeeded to ownership of an undivided 50% interest in all the intellectual property included in the Living Trust, including the YOGI Marks, that the New Mexico court so held, and that the New Mexico court's holding was affirmed on appeal.  EWTC further admits that upon Yogi Bhajan's death, Bibiji or a successor trust in which she had an interest succeeded to the other undivided 50% interest.  Except as expressly admitted, EWTC denies the allegations in paragraph 11 of Bibiji's Counterclaim and the whole thereof.

DAVIS WRIGHT TREMAINE LLP
4823-1922-3232v.4 0097173-000008          1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## The Oregon Arbitration and YB Trust's License to GTO and EWTC

12.    In answering paragraph 12 of Bibiji's Counterclaim, EWTC admits that, in 2009, EWTC, operating under different management, stopped paying royalties under the 2004 License and notified the co-trustees of the YB Trust ("Trustees") and Bibiji that it stopped paying royalties.  Except as expressly admitted, EWTC denies the allegations in paragraph 12 of Bibiji's Counterclaim and the whole thereof.

13.    In answering paragraph 13 of Bibiji's Counterclaim, EWTC admits that it continued use of some (though not all) of the YOGI Marks (e.g., it did not continue use of Yogi Bhajan's name and likeness) after stopping royalty payments under the 2004 License, based on its contention that it owned the YOGI Marks it was using and that those Marks were not covered by the 2004 License.  Except as expressly admitted, EWTC denies the allegations in paragraph 13 of Bibiji's Counterclaim and the whole thereof.

14.    In answering paragraph 14 of Bibiji's Counterclaim, EWTC admits that Bibiji initiated an arbitration proceeding against EWTC (then known as GTO) in Oregon under the 2004 License regarding EWTC's continued use of the YOGI Marks without making royalty payments to Bibiji.  Except as expressly admitted, EWTC denies the allegations in paragraph 14 of Bibiji's Counterclaim and the whole thereof.

15.    In answering paragraph 15 of Bibiji's Counterclaim, EWTC admits that on or about August 2, 2011, the arbitration panel issued its Findings of Fact and Notice of Award ("First Award").  EWTC further states that the First Award speaks for itself.  Except as expressly admitted, EWTC denies the allegations in paragraph 15 of Bibiji's Counterclaim and the whole thereof.

16.    In answering paragraph 16 of Bibiji's Counterclaim, EWTC admits that, after the First Award, it sought a new license of the YOGI Marks from Bibiji and the YB Trust.  Except as expressly admitted, EWTC denies the allegations in paragraph 16 of Bibiji's Counterclaim and the whole thereof.

Page 5 – PLAINTIFF'S ANSWER AND DEFENSES TO BIBIJI INDERJIT KAUR PURI'S COUNTERCLAIM

17.     In answering paragraph 17 of Bibiji's Counterclaim, EWTC admits that Bibiji and EWTC did not reach agreement on a license and thereafter EWTC entered into a license agreement with the YB Trust, under which the YB Trust licensed the YB Trust's interest in and right to use the YOGI Marks to EWTC beginning on October 1, 2011 (the "Interim License"). Except as expressly admitted, EWTC denies the allegations in paragraph 17 of Bibiji's Counterclaim and the whole thereof.

18.     In answering paragraph 18 of Bibiji's Counterclaim, EWTC admits that the Interim License contained a provision stating "If this Agreement is not terminated pursuant to Paragraph 11 by December 31, 2011, GTO agrees that on the first business day thereafter, it will offer substantially the same material terms and conditions of this agreement to Bibiji Inderjit Kaur Puri ('Bibiji') which will include a ten (10) day period within which to accept or reject the offer."  EWTC also admits that it agreed with the YB Trust that if it obtained a license from Bibiji on more favorable terms than the Interim License, it would offer those same terms to the Trust.  Except as expressly admitted, EWTC denies the allegations in paragraph 18 of Bibiji's Counterclaim and the whole thereof.

19.     In answering paragraph 19 of Bibiji's counterclaim, EWTC admits that on December 15, 2012, EWTC and the YB Trust replaced the Interim License with a perpetual license, under which the YB Trust licensed to EWTC the YB Trust's interest in and right to use the YOGI Marks ("Perpetual License").  EWTC further states that the Perpetual License speaks for itself.  Except as expressly admitted, EWTC denies the allegations in paragraph 19 of Bibiji's Counterclaim and the whole thereof.

20.     Paragraph 20 of Bibiji's Counterclaim states legal conclusions to which no response is required.  To the extent a response is required, EWTC states that the Interim License and Perpetual License speak for themselves, and EWTC otherwise denies the allegations in paragraph 20 of Bibiji's Counterclaim and the whole thereof.

21.     EWTC admits paragraph 21 of Bibiji's Counterclaim.

Page 6 – PLAINTIFF'S ANSWER AND DEFENSES TO BIBIJI INDERJIT KAUR PURI'S COUNTERCLAIM

4823-1922-3232v.4 0097173-000008

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

22.    EWTC admits paragraph 22 of Bibiji's Counterclaim.

23.    In answering paragraph 23 of Bibiji's Counterclaim, EWTC responds that the allegations regarding the "practical effect" of the Perpetual License state legal conclusions to which no response is required.  To the extent a response is required, EWTC denies the allegations in paragraph 23 of Bibiji's Counterclaim and the whole thereof.

### EWTC Does Not Have Any License To Use The Entirety of The Marks

24.    In answering paragraph 24 of Bibiji's Counterclaim, EWTC admits that, initially under the Interim License and later under the Perpetual License, EWTC has continued to use the YOGI Marks and pay related royalties to the YB Trust, and that it has no obligation to pay royalties to Bibiji under those licenses.  In response to the allegation regarding the "clear language" of the licenses, EWTC answers that the Interim License and Perpetual License speak for themselves.  Except as expressly admitted, EWTC denies the allegations in paragraph 24 of Bibiji's Counterclaim and the whole thereof.

25.    Paragraph 25 of Bibiji's Counterclaim states legal conclusions to which no response is required.  To the extent a response is required, EWTC answers that the Interim License and Perpetual License speak for themselves and otherwise denies the allegations in paragraph 25 of Bibiji's Counterclaim and the whole thereof.

26.    Paragraph 26 of Bibiji's Counterclaim states legal conclusions to which no response is required.  To the extent a response is required, EWTC states it is not using Bibiji's rights in the YOGI Marks (if any) and otherwise denies the allegations in paragraph 26 of Bibiji's Counterclaim and the whole thereof.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

4823-1922-3232v.4 0097173-000008

## CLAIM FOR RELIEF

### Count I

### Declaratory Judgment That The EWTC Agreement and Interim License Did Not Allow Use Of the Yogi Marks Without A License From Bibiji and Payment For Such Uses

27.     EWTC restates and incorporates its responses to paragraphs 1-26 of Bibiji's Counterclaim, inclusive, as though fully set forth herein.

28.     In responding to paragraph 28 of Bibiji's Counterclaim, EWTC admits that, if Bibiji as an individual holds an interest in the YOGI Marks, then there exists a justiciable controversy between EWTC and Bibiji.  Except as expressly admitted, EWTC denies the allegations in paragraph 28 of Bibiji's Counterclaim and the whole thereof.

29.     Paragraph 29 of Bibiji's Counterclaim characterizes Bibiji's allegations and states legal conclusions to which no response is required.  To the extent a response is required, EWTC admits that the Interim License and Perpetual License did not grant GTO, now EWTC, any right to use Bibiji's interest in the YOGI Marks (if any) without payment of a royalty to Bibiji, but EWTC otherwise denies the allegations in paragraph 29 and the whole thereof.

30.     In answering paragraph 30 of Bibiji's Counterclaim, EWTC admits that the Perpetual License (and the Interim License before it) gives EWTC rights to use the YOGI Marks in exchange for royalty payments to the YB Trust without compensation to Bibiji and further answers that the Interim License and Perpetual License speak for themselves.  The remainder of paragraph 30 characterizes Bibiji's allegations and states legal conclusions to which no response is required.  To the extent a response is required and except as expressly admitted, EWTC denies the allegations in paragraph 30 of Bibiji's Counterclaim and the whole thereof.

31.     EWTC denies the allegations in paragraph 31 and the whole thereof.

32.     Except as expressly admitted, EWTC denies the allegations in Bibiji's Counterclaim and the whole thereof.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## AFFIRMATIVE DEFENSES

Without assuming any burdens that properly rest with Bibiji, EWTC asserts the following defenses:

33.     Bibiji's Counterclaim fails to state a claim upon which relief can be granted.

34.     Bibiji is not the real party in interest for the relief she seeks.

35.     Bibiji lacks standing to bring her Counterclaim.

36.     Bibiji's Counterclaim is barred by equitable and legal doctrines, including estoppel.

37.     Bibiji's Counterclaim is barred by the doctrines of issue preclusion and/or claim preclusion.

38.     Bibiji's Counterclaim is barred because EWTC obtained Licenses under which it is lawfully authorized to use the YOGI Marks.

39.     Bibiji's Counterclaim is barred to the extent Bibiji seeks redress for EWTC's use of the YOGI Marks before October 1, 2011, because EWTC paid and Bibiji accepted the damages awarded by the arbitration panel through that date.

40.     Bibiji's Counterclaim is barred by the statute of limitations and/or laches.

41.     EWTC reserves the right to assert additional defenses that become known through investigation and discovery.

WHEREFORE, EWTC prays as follows:

A.     That the Court declare that EWTC's use of the YOGI Marks pursuant to the Licenses is lawful and (1) does not infringe any of Bibiji's trademark rights and (2) is permitted notwithstanding the First Award, as upheld by the arbitration panel in a subsequent final arbitration award issued on November 11, 2011 ("Final Award");

B.     That the Court declare that EWTC has no obligation to account, pay royalties, or otherwise provide remuneration to Bibiji for its use of the YOGI Marks after October 1, 2011, pursuant to the Licenses; and

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

4823-1922-3232v.4 0097173-000008

C.       That the Court enter a permanent stay of the injunction and post-October 1, 2011

damages included in its judgment in Case No. 3:11-cv-01380-HZ, or otherwise modify the post-

October 1, 2011 relief awarded, consistent with its declaratory rulings in this case; and

D.       That EWTC be awarded such other relief this Court deems just and equitable.

DATED this 29th day of June, 2020.

### DAVIS WRIGHT TREMAINE LLP


By  s/ Kevin H. Kono
    John F. McGrory, Jr., OSB #813115
    Joseph M. VanLeuven, OSB #824189
    Kevin H. Kono, OSB #023528
    Telephone: (503) 241-2300
    Facsimile: (503) 778-5299
    joevanleuven@dwt.com
    johnmcgrory@dwt.com
    kevinkono@dwt.com

    Attorneys for Plaintiff

4823-1922-3232v.4 0097173-000008

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax