IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EAST WEST TEA COMPANY, LLC, fka Golden Temple of Oregon, LLC, an Oregon Limited Liability Company,

No. 3:11-cv-01358-HZ

OPINION & ORDER

      Plaintiff,

  v.

BIBIJI INDERJIT KAUR PURI, an individual; and SARBASARANG KAUR KHALSA and EK ONG KAR KAUR KHALSA, as Trustees of the YOGI BHAJAN ADMINISTRATIVE TRUST,

      Defendants.

John F. McGrory, Jr.
Joseph M. VanLeuven
Kevin H. Kono
DAVIS WRIGHT TREMAINE LLP
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201

    Attorneys for Plaintiff

1 – OPINION & ORDER

Loren S. Scott
THE SCOTT LAW GROUP
PO Box 70422
Springfield, OR 97475

Surjit P. Soni
M. Danton Richardson
THE SONI LAW FIRM
PO Box 91593
Pasadena, CA 91109

      Attorneys for Defendant Bibiji Inderjit Kaur Puri

Elizabeth Tedesco Milesnick
IDEALEGAL
2240 N. Interstate Avenue, Suite 270
Portland, OR 97227

Maureen A. Sanders
SANDERS & WESTBROOK PC
102 Granite Avenue NW
Albuquerque, NM 87102

Katherine A. Wray
WRAY LAW, PC
102 Granite Avenue NW
Albuquerque, NM 87102

      Attorneys for Defendant Trustees of the Yogi Bhajan Administrative Trust

HERNÁNDEZ, District Judge:

      This declaratory judgment action involves a longstanding dispute over Plaintiff East West Tea Company's use of the YOGI Trademarks. On February 7, 2020, Plaintiff filed its Second Amended Complaint against Defendant Bibiji Inderjit Kaur Puri ("Defendant") and Defendants Sarbsarang Kaur Khalsa and Ek Ong Kar Kaur Khalsa (the "Trustees") seeking a declaratory judgment that its use of the YOGI Trademarks pursuant to two license agreements does not infringe on Defendant's trademark rights. Now, Defendant moves to dismiss the Trustees, arguing that the Trustees are not proper parties to this case because there is no case or

controversy between Plaintiff and the Trustees. Defendant also seeks a protective order preventing the Trustees from obtaining certain trust documents in discovery. While the Court agrees with Defendant that there does not appear to be any case or controversy between Plaintiff and the Trustees, dismissal is improper in this case. The Trustees are necessary parties to this action, which implicates the validity of the license agreements between the Trustees and Plaintiff. Thus, the Court denies Defendant's motions and instead realigns the Trustees as plaintiffs in this case.

## BACKGROUND

At some point prior to his death in 2004, Yogi Bhajan and Defendant established a living trust (the "Living Trust") to hold their assets, including their intellectual property. Second Am. Compl. ("SAC") ¶¶ 6–7. While Yogi Bhajan was still alive, Plaintiff entered a nonexclusive trademark license with the Living Trust, allowing Plaintiff to use certain trademarks to sell its natural tea products. SAC ¶¶ 8, 9.

When Yogi Bhajan died, both Defendant and the Trustees succeeded to ownership of an undivided 50% interest in the intellectual property held by the Living Trust. SAC ¶ 7. A few years later, the relationship between Plaintiff and Defendant soured. In 2009, Plaintiff stopped paying royalties under the 2004 license, asserting that it owned the YOGI and YOGI TEA Marks and that those marks were not covered by the 2004 license. SAC ¶ 10. Defendant disputed this contention, and the dispute was arbitrated. SAC ¶ 10. In 2011, an arbitration panel found that Plaintiff had breached the 2004 license in its use of the YOGI Marks and infringed on Defendant's trademark rights. SAC ¶ 11. In addition to ordering Plaintiff to pay Defendant damages for its use of the marks, it enjoined Plaintiff from further use of the marks and required it to convey the registrations of the YOGI Marks to Defendant. SAC ¶ 11.

After the panel's ruling, Plaintiff entered into a license agreement (the "Interim License") with the Trustees, "under which the Trustees licensed their interest in and right to use the YOGI Marks to EWTC, commencing on October 1, 2011." SAC ¶ 12. A year later, Plaintiff and the Trustees replaced the Interim License with a perpetual license agreement (the "Perpetual License") allowing Plaintiff to continue to use the YOGI Marks. SAC ¶ 15. This license remains in effect. SAC ¶ 15.

In 2011—soon after the arbitration panel's first award—Plaintiff filed this action against Defendant seeking to partially vacate the award and requesting a declaratory judgment regarding the parties' rights and obligations under the license agreements. Compl., ECF 1. One month later, Plaintiff filed an Amended Complaint adding the Trustees as defendants. Am. Compl., ECF 4. In a series of Opinions & Orders between 2013 and 2017, the Court partially vacated the first arbitration award and ordered the arbitrators to hold additional hearings to determine the effect of the Interim License on the arbitration award. Then, in June 2017, the Court confirmed the final arbitration award. The parties appealed these rulings, and the Ninth Circuit reversed on August 19, 2019, ordering the Court to confirm the first arbitration award.

After the case was remanded to this Court, Plaintiff filed a Second Amended Complaint, removing its claim for partial vacatur of the arbitration award and limiting its case to the declaratory judgment claim regarding the parties' rights and obligations under the license agreements between Plaintiff and the Trustees. In Plaintiff's remaining declaratory judgment claim, Plaintiff seeks a declaration "that its use of the YOGI Marks pursuant to the Licenses is lawful and (1) does not infringe any of [Defendant's] trademark rights and (2) is permitted notwithstanding the [final arbitration award], which did not consider the impact of the Licenses." SAC ¶ 20. It further seeks a declaration that it has no obligation to account or pay royalties to

Defendant for its use of the YOGI Marks after it entered into the Interim License agreement. SAC ¶ 21.

Defendant and the Trustees have also filed a counterclaim and crossclaim in this case. The Trustees bring a crossclaim for a declaratory judgment. In the first count of this claim, the Trustees seek a declaration that their agreement with Plaintiff is valid and does not violate Defendant's rights. Trustees' Answer ¶¶ 47–54. In the second count, they seek a declaration that Defendant is not entitled to an accounting or other payment for royalties the Trust has received as part of the license agreement with Plaintiff. Trustees' Answer ¶¶ 55–61. In her counterclaim against Plaintiff, Defendant seeks a declaration that Plaintiff's agreement with the Trustees did not allow use of the YOGI Marks without a license from Defendant. Def.'s Answer ¶¶ 27–31. Defendant also seeks an accounting and damages for the profits Plaintiff has earned through the use of the marks. Def.'s Answer 10.

## STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979-80 (9th Cir. 2007) (court treats motion attacking substance of complaint's jurisdictional allegations as a Rule 12(b)(1) motion); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]") (internal

quotation omitted). Additionally, the court may consider evidence outside the pleadings to resolve factual disputes. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *see also Dreier*, 106 F.3d at 847 (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).[1]

## DISCUSSION

Defendant moves to dismiss the Trustees from this action, arguing there is no case or controversy between Plaintiff and the Trustees. Separately, Defendant moves for a protective order to prevent the Trustees from obtaining copies of certain trust documents Defendant has already produced to Plaintiff. Although the Court agrees with Defendant that there is presently no case or controversy between Plaintiff and the Trustees, it also finds that the Trustees are necessary parties to this action. Accordingly, the Court denies both of Defendant's motions and realigns the Trustees as plaintiffs in this case.[2]

**I.  Subject Matter Jurisdiction**

Defendant argues that the Court lacks subject matter jurisdiction over the declaratory judgment claim between Plaintiff and the Trustees because there is no actual case or controversy between the two parties. Rather, their interests are aligned. Def.'s Mot. J. Pleadings 8, ECF 237. Plaintiff and the Trustees respond by emphasizing that the Court has subject matter jurisdiction

---

[1] Defendant brings her motion to dismiss the Trustees for lack of a case or controversy between the Trustees and Plaintiff pursuant to Rules 12(b)(1), 12(c), 12(h)(2), and 21. However, the proper procedural avenue for Defendant's motion is Rule 12(b)(1). *See Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 n.3 (9th Cir. 2007) (noting that motions challenging the "jurisdictional case or controversy requirement . . . may be brought only under 12(b)(1)" (internal quotations omitted)).

[2] Defendant also moves to strike the Trustee's Answer and a paragraph of Plaintiff's complaint identifying the Trustees as immaterial under Rule 12(f), arguing that there is no case or controversy between Plaintiff and the Trustees in this case. Def. Mot. 9–11. Because the Court finds that the Trustees are proper parties in this action, the Court declines to separately address the motion to strike.

over the declaratory judgment claim between Plaintiff and Defendant and arguing that the Trustees are necessary parties to this action. Pl.'s Resp. 3–6, ECF 248 ; Trustees' Opp'n 3–10, ECF 247. Alternatively, Plaintiff argues that if the Court determines that its interests are aligned with the Trustees, the remedy is realignment rather than dismissal. Pl.'s Resp. 6–7.

The Trustees are necessary parties to this litigation. "[A] party to a contract is necessary, and if not susceptible to joinder, indispensable to litigation seeking to decimate that contract." *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1157 (9th Cir. 2002); *see also Ward v. Apple*, 791 F.3d 1041, 1053 (9th Cir. 2015) ("Our cases also establish that an absent party may be required in an action seeking equitable relief that would prevent a defendant from fulfilling 'substantial' contractual obligations to the absent party."), *abrogated on other grounds by Sperring v. LLR, Inc.*, 995 F.3d 680, 682 (9th Cir. 2021). And, as this Court has previously acknowledged in a related case, trademark owners are necessary in an action for infringement. *See Golden Temple of Or., LLC v. Wai Lana Prods., LLC*, No. 03:09-cv-00902-HZ, 2011 WL 6070385, at *2 (D. Or. Dec. 5, 2011) ("Parties do not cite, and I have yet to find, a case in which the trademark owner was not necessary in an action for infringement."). Here, both the license agreement and Plaintiff's use of the trademark are at issue. Plaintiff seeks a declaration that its use of the YOGI Marks pursuant to its agreements with the Trustees does not infringe on Defendant's trademark rights. SAC ¶ 20. Defendant's counterclaim seeks a declaratory judgment regarding Plaintiff's use of the marks pursuant to the license between Plaintiff and the Trustees. Def.'s Answer ¶¶ 27–31 (alleging that the licenses did not grant Plaintiff the right to use the "entirety of the YOGI Marks" while only paying royalties to the Trustees). And elsewhere in her countercomplaint, Defendant alleges that in "practical effect" the licenses interfere with her ownership of the YOGI Marks. Def.'s Answer ¶ 23. Thus, the

relief sought in this case will determine both the scope and validity of the contracts between Plaintiff and the Trustees and whether Plaintiff's use of the YOGI Marks pursuant to a license from one co-owner infringes on the rights of the other co-owner.

There is, however, no present dispute between Plaintiff and the Trustees. In this case, Plaintiff brings its claim under the Declaratory Judgment Act. 28 U.S.C. §§ 2201-02. That Act provides: "In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a). The Declaratory Judgment Act confers on federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The "actual controversy" requirement of the statute is satisfied where the plaintiff alleges facts showing a substantial controversy between parties with adverse legal interests that is sufficiently immediate to warrant the issuance of declaratory relief. *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Here, the Trustees admit to nearly every paragraph of Plaintiff's Second Amended Complaint, including the paragraphs seeking a declaratory judgment. *See* Trustees' Answer, ECF 206. And both Plaintiff and the Trustees seek similar relief. As described above, Plaintiff requests a declaratory judgment that its use of the YOGI Marks pursuant to the license agreements does not infringe on Defendant's trademark rights. SAC ¶ 20. Plaintiff also seeks a declaration that they do not owe an accounting or royalties to Defendant for use of the marks. SAC ¶ 21. The Trustees seek a declaratory judgment that that their agreements are valid and that the Trustees' licensing of their 50% interest in the marks does not infringe on Defendant's ownership interest in the marks. Trustees' Answer ¶¶ 47–54. They also seek a declaration that they do not owe Defendant an accounting. Trustees' Answer ¶¶ 55–61. As both Plaintiff and the

Trustees are essentially interested in a declaration from this Court that their agreements are valid, that their agreements do not infringe on Defendant's trademark rights, and that they do not owe an accounting to Defendant, their interests are not adverse.

But that does not end the analysis. "Federal courts have broad authority to 'look beyond the pleadings, and rearrange'—or realign—'the parties according to their sides in the dispute.'" *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1156 (9th Cir. 2012) (quoting *City of Indianapolis v. Chase Nat'l Bank of N.Y.*, 314 U.S. 63, 69 (1941)); *see also Prudential Real Estate Affiliates, Inc. v. PPR Realty Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) ("We must align for jurisdictional purposes those parties whose interests coincide respecting the 'primary matter in dispute.'"). "If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes." *Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983) ("The courts, not the parties, are responsible for aligning the parties according to their interests in the litigation."); *see also Smith v. Salish Kootenai College*, 434 F.3d 1127 (9th Cir. 2006) ("Courts may realign parties, according to their ultimate interests, whether the realignment has the effect of conferring or denying subject matter jurisdiction on the court."). Though this issue most often arises in determining whether the court has diversity jurisdiction, it also applies to declaratory-judgment actions: "[I]n a declaratory-judgment action against multiple defendants, if the court finds that no controversy exists between plaintiff and one of the defendants, it need not dismiss the action but can realign the defendant as a plaintiff, when appropriate." § 2768 Procedure in Declaratory Actions, 10B Fed. Prac. & Proc. Civ. § 2768 (4th ed.). In this case, realignment is appropriate. The interests of the Trustees and Defendant coincide respecting the primary matter in dispute.

Accordingly, the Court denies Defendant's motion and realigns the Trustees as plaintiffs in this case.

## II. Motion for a Protective Order

Defendant moves for a protective order seeking to prevent the Trustees from obtaining copies of trust documents that were previously produced to Plaintiff pursuant to an Order from this Court. Defendant first argues that the Trustees should not be privy to the documents because they are not proper parties to this case. Def.'s Mot. Prot. Order 7, ECF 236. Defendant also argues that the documents are not relevant under Rule 26 and that disclosure of the documents would violate her right to privacy. *Id.* at 8.

Defendant's first argument fails. The Court has already determined that the Trustees are proper parties in this case. *See supra* Part I.

Defendant's second argument—regarding the relevancy and private nature of the documents in question—also fails. In an earlier discovery dispute about the disclosure of these documents to Plaintiff, Defendant made the same arguments. *See* Def.'s Opp'n Pl.s' Second Mot. Compel, ECF 230. The Court granted the motion to compel the documents, holding that they are "relevant, proportional to the needs of the case, and not unreasonably cumulative or duplicative." Order, ECF 233. The Court sees no reason to depart from its prior Order and therefore denies Defendant's Motion for a Protective Order.

## III. Additional Arguments

Defendant makes additional arguments throughout her motions that are not adequately developed and argued in the context of the original alignment of the parties. Given the undeveloped nature of Defendant's arguments and the procedural posture of these motion, the Court declines to address any additional arguments at this time.

## CONCLUSION

The Court DENIES Defendant Puri's Motion for Judgment on the Pleadings [237] and Motion for a Protective Order [236]. The caption shall be amended to reflect the realignment of Defendants Sarbsarang Kaur Khalsa and Ek Ong Kar Kaur Khalsa as plaintiffs in this case.

IT IS SO ORDERED.

DATED: May 31, 2021.

MARCO A. HERNÁNDEZ
United States District Judge