IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EAST WEST TEA COMPANY, LLC, fka Golden Temple of Oregon, LLC, an Oregon Limited Liability Company; and and SARBASARANG KAUR KHALSA and EK ONG KAR KAUR KHALSA, as Trustees of the YOGI BHAJAN ADMINISTRATIVE TRUST, | No. 3:11-cv-01358-HZ OPINION & ORDER |
| Plaintiffs, | |
| v. | |
| BIBIJI INDERJIT KAUR PURI, an Individual, | |
| Defendant. | |

John F. McGrory, Jr.
Joseph M. VanLeuven
Kevin H. Kono
DAVIS WRIGHT TREMAINE LLP
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201

    Attorneys for Plaintiff East West Tea Company

1 – OPINION & ORDER

Elizabeth Tedesco Milesnick
IDEALEGAL
2240 N. Interstate Avenue, Suite 270
Portland, OR 97227

Maureen A. Sanders
SANDERS & WESTBROOK PC
102 Granite Avenue NW
Albuquerque, NM 87102

Katherine A. Wray
WRAY LAW, PC
102 Granite Avenue NW
Albuquerque, NM 87102

       Attorneys for Plaintiff Trustees of the Yogi Bhajan Administrative Trust

Loren S. Scott
THE SCOTT LAW GROUP
PO Box 70422
Springfield, OR 97475

Surjit P. Soni
M. Danton Richardson
THE SONI LAW FIRM
PO Box 91593
Pasadena, CA 91109

       Attorneys for Defendant Bibiji Inderjit Kaur Puri

HERNÁNDEZ, District Judge:

       This declaratory judgment action involves a longstanding dispute over Plaintiff East West Tea Company's ("EWTC") use of the YOGI Tea Trademarks. The Court previously granted EWTC summary judgment on its claim for a declaratory judgment that its use of the YOGI Tea Trademarks pursuant to two license agreements with Plaintiffs Sarbasarang Kaur Khalsa and Ek Ong Kar Kaur Khalsa as Trustees of the Yogi Bhajan Administrative Trust ("Trustees") does not infringe on Defendant Bibiji Inderjit Kaur Puri's trademark rights. The Court also granted EWTC summary judgment on Defendant's counterclaims.

2 – OPINION & ORDER

Remaining in this case is the Trustees' claim for a declaration that the licenses with EWTC are valid and that Defendant is not entitled to an accounting by the Trustees. The Trustees have moved for summary judgment on this claim. As explained below, the Court grants the Trustees' motion.

Separately, Defendant moves to "reopen" the Court's Opinion & Order granting EWTC summary judgment. The Court denies Defendant's motion.

## BACKGROUND

Prior to his death in 2004, Yogi Bhajan and Defendant established a Living Trust to hold their assets, including their intellectual property. Second Am. Compl. ("SAC") ¶¶ 6–7, ECF 199. While Yogi Bhajan was still alive, EWTC entered a nonexclusive trademark license with the Living Trust, allowing EWTC to use certain trademarks to sell its natural tea products. SAC ¶¶ 8, 9. When Yogi Bhajan died, both Defendant and the Trustees succeeded to ownership of an undivided 50% interest in the intellectual property held by the Living Trust. SAC ¶ 7.

Yogi Bhajan's death sparked years of litigation between EWTC and Defendant over ownership of the YOGI and YOGI TEA Marks (the "Marks"). In 2011, when the question of ownership was resolved, EWTC entered into a license agreement (the "Interim License") with the Trustees, "under which the Trustees licensed their interest in and right to use the YOGI Marks to EWTC, commencing on October 1, 2011." SAC ¶ 12; McGrory Decl. Ex. 1 ("ILA"), ECF 270. A year later, EWTC and the Trustees replaced the Interim License with a perpetual license agreement (the "Perpetual License") allowing EWTC to continue to use the Marks. SAC ¶ 15. This license remains in effect. SAC ¶ 15; McGrory Decl. Ex. 2 ("IPLA").

Around the same time, EWTC filed this action against Defendant seeking a declaratory judgment regarding the parties' rights and obligations under the Licenses. Compl., ECF 1; Am.

3 – OPINION & ORDER

Compl., ECF 4. EWTC sought a declaration "that its use of the YOGI Marks pursuant to the Licenses is lawful and (1) does not infringe any of [Defendant's] trademark rights and (2) is permitted notwithstanding the [final arbitration award], which did not consider the impact of the Licenses." SAC ¶ 20. EWTC further seeks a declaration that it has no obligation to account or pay royalties to Defendant for its use of the Marks after it entered into the Interim License agreement. SAC ¶ 21. Defendant brought a counterclaim, similarly seeking a declaration that EWTC's agreement with the Trustees did not allow use of the Marks without a license from Defendant and seeking an accounting and damages for the profits EWTC has earned through its use of the Marks. Def.'s Answer SAC ¶¶ 27-31, ECF 221. Except on the issue of the effect of the Licenses on the final arbitration award, the Court granted EWTC summary judgment on its declaratory judgment claims and Defendant's counterclaim. *See* Op. & Order, ECF 293.

The Trustees also brought a declaratory judgment claim in this case. In the first count of this claim, the Trustees seek a declaration that their agreement with EWTC is lawful and does not violate Defendant's rights. Trustees' Answer SAC ¶¶ 47–54, ECF 206. In the second count, the Trustees seek a declaration that Defendant is not entitled to an accounting or other payment for royalties the Trust has received as part of the license agreement with EWTC. Trustees' Answer SAC ¶¶ 55–61.

While the parties were litigating this case, Defendant and the Trustees were involved in litigation in New Mexico and California. After a five-day bench trial in 2012, a state district judge in New Mexico issued a Findings of Fact and Conclusions of Law in a case between the Trustees and Defendant involving the Trustees' fiduciary duties in the division of Yogi Bhajan's estate. McGrory Decl. Exs. 11, 12; *see also Khalsa v. Puri*, 344 P.3d 1036 (N.M. Ct. App. 2014) ("Bibiji claimed that the trustees breached their fiduciary duties to her in a number of ways such

that she was entitled to a reallocation of part of Yogi Bhajan's half of the community estate."). In its decision, the court concluded that the Trustees' decision to enter the Interim License was fiscally sound and preserved the Marks' financial potential. *Id.* ¶¶ 130, W. It found that the Trustees did not grant a below-market license and that the Trustees did not conspire with EWTC to ensure Defendant would receive no further income from the Marks. *Id.* ¶¶ FF, II. Rather, the Trustees created an income stream for their beneficiary and maintained the active presence of the Marks in the marketplace. *Id.* ¶ HH. The agreed-upon royalty rates were based on the arbitration panel's formula for past royalties and the rates in the 2004 license agreement. *Id.* ¶ 137; *Khalsa v. Puri*, 344 P.3d 1036, 1044–45 (N.M. Ct. App. 2014). The court also concluded that the legal relationship between the Trustees and Defendant is that of co-owners of the Marks, and that the Trustees did not breach any duty owed to Defendant related to the Marks. McGrory Decl. Ex. 11 ¶¶ AA, DD. Finally, the court noted that the Trustees and EWTC attempted to negotiate a new license with Defendant after the arbitration, but Defendant's counsel walked away from those negotiations. *Id.* ¶¶ 128–29. Instead, Defendant—through counsel—entered into her own license agreement with a brand new, inexperienced company formed by counsel. *Id.* ¶¶ 143–45. She did not inform the Trustees of her efforts to license the Marks despite their requests, and Defendant's license agreement did not provide that an offer should be extended to the Trustees. *Id.* ¶¶ 149–50.

In 2015, a judge in the Central District of California entered summary judgment for the Trust in a lawsuit filed by Defendant against the Trust alleging that the Trust's licenses with EWTC were unlawful and constituted trademark infringement. McGrory Decl. Exs. 13, 14; *see also Puri v. Yogi Bhajan Admin. Tr.*, No. 2:11-cv-09503 FMO (SHx), 2015 WL 12684464 (C.D.

Cal. Oct. 30, 2015). The Court found for the Trust, citing the New Mexico Court's findings and holding that the licenses did not infringe on Defendant's trademark rights.

## STANDARDS

### I.     Summary Judgment

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927–28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011). If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more

persuasive evidence to support its claim than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.     Motion for Reconsideration

A motion for reconsideration should not be the occasion to tender new legal theories for the first time, but rather should serve to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *see also Maljack Productions, Inc. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996) (new facts or law may warrant reconsideration); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (motion for reconsideration of summary judgment order properly denied where "it presented no arguments that had not already been raised in opposition to summary judgment"). Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## DISCUSSION

### I.     The Trustees' Motion for Summary Judgment

The Trustees' claim for declaratory relief has two parts. In Count I, the Trustees seek a declaration that their agreement with EWTC is lawful and does not violate Defendant's rights. Trustees' Answer SAC ¶¶ 47–54.[1] In Count II, they seek a declaration that Defendant is not entitled to an accounting or other payment for royalties that the Trust has received from their license agreement with EWTC. Trustees' Answer SAC ¶¶ 55–61.

---

[1] The Trustees were originally Defendants in this case but were realigned as Plaintiffs. Op. & Order, ECF 268. Their pleadings, however, are still titled as an "Answer" in the docket and will be cited accordingly.

7 – OPINION & ORDER

The Court finds that the Trustees are entitled to summary judgment on the first count of their claim. As previously explained in the Court's Opinion & Order granting EWTC's motion for summary judgment, the Trustees are entitled to summary judgment on the basis of collateral estoppel or issue preclusion because a New Mexico state court and a federal district court in California have already decided that the licenses are lawful under federal trademark law. *See* Op. & Order 7–11, ECF 293. The Trustees are also entitled to summary judgment on the merits. Under federal trademark law, the license is lawful and non-infringing. *Id.* at 11–15. The Trustees are therefore entitled to summary judgment on Count I of their claim for a declaratory judgment.

The Court also finds that the Trustees are entitled to summary judgment on the second count of their claim for declaratory relief. Claims for accounting between co-owners of a trademark are likely governed by state law. *Derminer v. Kramer*, 406 F.Supp.2d 756, 758 (E.D. Mich. Nov. 22, 2005) ("Like an action for trademark infringement by a co-owner," a claim for trademark dilution between co-owners "is best understood as an action for an accounting that arises under state contract law."); *see also Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir. 1984) (finding, in the context of copyright law, "the duty to account . . . comes from equitable doctrines relating to unjust enrichment and general principles of law governing the rights of co-owners."). In the 1885 decision *Hackett v. Multnomah Railway Company*, the Oregon Supreme Court recognized that "every co-owner ought to account to the others for the profits received by him." 12 Or. 124, 131, 6 P.659 (1885). It found that a there was a "right of tenants in common . . . to resort to a court of equity for an accounting and a receiver *in the case of exclusion by one tenant of another.*" *Id.* at 132 (emphasis added) ("A court of equity has jurisdiction to appoint a receiver, at the instance of one tenant in common, against his co-tenants, who are in possession of undivided valuable property, receiving the whole of the rents and profits and excluding their

companions from the receipt of any portion thereof."). And by statute, "[a] tenant in common may maintain any proper action, suit or proceeding against a cotenant for receiving more than the just proportion of the rents or profits of the estate owned by them in common." Or. Rev. Stat. § 105.820; *see also* 20 Am. Jur. 2d Cotenancy and Joint Ownership § 85 ("Under statutes enacted in many jurisdictions, a cotenant has a remedy at law to recover a proper share of rents and profits from another cotenant by means of an action of account.").

Here, Defendant is not owed an accounting. The Trustees have not excluded Defendant from use of the Marks or receipt of royalties from the Marks, used more than their fair share of the Marks, or otherwise used the Marks to Defendant's detriment. Indeed, the evidence shows that the Trustees have granted EWTC a nonexclusive license in their 50% interest in the Marks at half the royalty rate in the 2004 licenses. *See* IPLA ¶¶ 2, 3, 10(vi); ILA ¶¶ 1.A, 1.E; Soni Decl. Ex. A, ECF 281. The Trustees have made efforts to protect Defendant's interest in the Marks. Through their license agreement, the Trustees required EWTC to offer Defendant a license on the same terms. IPLA ¶ 10(viii); ILA ¶ 1.D. EWTC did so. McGrory Decl. Ex. 10. The New Mexico court has also found that the terms of the Interim License were reasonable. *See* McGrory Decl. Ex. 11 ¶¶ 130 ("The Trustees' decision to enter into the [Interim License] with GTO was fiscally sound and preserved the marks' financial potential."), II ("The Trustees did not grant GTO a below-market license[.]"). Specifically, it determined that the Trustees were "within their rights as co-owners to negotiate and issue" the Interim License. *Id.* ¶ CC. They protected the value of the Marks and did not violate any duty to Defendant when they entered into the license agreement with EWTC. *Id.* ¶¶ 130, W, DD, HH–II. This Court's conclusion that the Trustees have not used more than their fair share of the Marks or used the Marks to Defendant's detriment

9 – OPINION & ORDER

is further bolstered by the New Mexico court's findings that Defendant licensed her interest in the Marks to a different company. *Id.* ¶¶ 129, 140–50.

Defendant has not identified any evidence to the contrary or any outstanding discovery that would change this analysis. Rather, Defendant seeks depositions from persons most knowledgeable about the license negotiations to determine whether EWTC was required to obtain a license from Defendant under the terms of the Interim License and Perpetual License. Def. Resp. 18. But this evidence is irrelevant in light of the unambiguous terms of the Licenses, which the Court has already found only required EWTC to offer Defendant "substantially the same material terms and conditions" as the Interim License and Perpetual License. Op. & Order 13, ECF 293. Further, the proposed discovery would not contradict the above-cited evidence or change this Court's analysis. In sum, when the evidence before this Court is viewed in the light most favorable to Defendant, no reasonable juror could find that the Trustees owe Defendant an accounting.

## II.     Defendant's "Motion to Reopen"

Defendant also moves to "reopen" the Court's prior summary judgment opinion, arguing the Court has failed to fully adjudicate the issues raised by EWTC and Defendant in their pleadings. The Court construes this as a motion for reconsideration.[2]

In her motion, Defendant argues that the Court failed to consider all the arguments in the first instance, specifically stating that the Court "did not decide EWTC's current use does not infringe on Bibiji's rights under the Lanham Act, common law, or state laws relating to unfair

---

[2] Defendant styles her motion as a motion for an order "correcting, revising and/or amending" the Court's March 28, 2022 Opinion, citing the Court's inherent power to revisit its own orders. Because Defendant rehashes the same arguments that she made in the underlying summary judgment briefing and essentially asks the Court to revisit its earlier decision, the Court construes the motion as a motion for reconsideration.

10 – OPINION & ORDER

competition." Def. Mot. Reopen 1, ECF 293. Defendant also argues that the Court did not consider what compensation, if any, Defendant is due or how the judgment effects the arbitration award. *Id.* at 1–2.

Defendant's claims are without merit. The Court already considered Defendant's arguments—which are identical to the analysis and arguments presented in the underlying summary judgment briefing—and found that it was appropriate to award EWTC summary judgment. Indeed, the Court expressly addressed the issues that Defendant claims were omitted from the Court's opinion.[3] It found that EWTC's use of the Marks does not infringe on Defendant's rights and that Defendant is not entitled to compensation from EWTC. It also expressly noted in a footnote that it was not yet deciding how the licenses—and therefore, the judgment in this case—affect the underlying injunction from the arbitration. The Court also expressly stated it was not deciding the issue of whether the Trustees owed EWTC an accounting. As Defendant has not demonstrated that the Court committed clear error in its decision or any change in the controlling law, Defendant's motion is denied.

///

///

///

///

///

///

///

---

[3] To the extent that there are any other omissions—such as a failure to determine whether Plaintiff was unjustly enriched by a failure to pay royalties to Defendant—those claims were rendered moot by the Court's conclusions on the other issues in this case.

11 – OPINION & ORDER

**CONCLUSION**

The Court GRANTS the Trustees' Motion for Summary Judgment [301] and DENIES Defendant's Motion to Amend/Correct Opinion and order [293].

IT IS SO ORDERED.

DATED: March 20, 2023.

_____
MARCO A. HERNÁNDEZ
United States District Judge

12 – OPINION & ORDER